# EXHIBIT "A"

# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

---

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 9/23/2025 10:23:56 AM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A |
| **Case Docket:** | 8/25/2025 - Complaint (eFiled) - 19 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A202509231022118C9B |

---

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 1 of 19

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

ABA CARES OF FLORIDA, LLC,
d/b/a ABA CENTERS OF FLORIDA,
a Florida corporation, (o/b/o Jane and
John Doe Members #1-10)

CASE NO.:

vs.

PUBLIX SUPERMARKETS, INC.,
a Florida corporation,
_________________________________/

## COMPLAINT

COMES NOW, Plaintiff, ABA CARES OF FLORIDA, LLC d/b/a ABA CENTERS OF FLORIDA (hereinafter, "ABAFL"), o/b/o Jane and John Does Members #1-10 (hereafter "Members") (Members and ABAFL are collectively referred to as "Plaintiff") hereby sues Defendant, PUBLIX SUPERMARKETS, INC. (hereinafter, "Publix" or "Defendant"), and alleges as follows:

## NATURE OF THE CASE

1. This action is brought on behalf of ABAFL, which provides care and treatment to Florida residents who are beneficiaries of insurance policies issued and administered by Defendants.

2. ABAFL provides care and treatment to children diagnosed with autism spectrum disorder (ASD). Applied Behavior Analysis (ABA) therapy is a medically necessary service and recognized as the standard of care for children with ASD.

3. ABAFL has provided ABA therapy to ten (10) children residing in Broward County, Palm Beach County, Orange County, Pasco County, and Martin County who are beneficiaries of insurance policies issued and administered by Defendants (collectively, the "Members").

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 08/25/2025 05:57:49 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS
A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD
WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY

Digitally signed by Brenda D Forman
Date: 2025.09.23 10:23:57 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 2 of 19

4. Even though ABA therapy and treatment is medically necessary, and services rendered were *covered, authorized, and partially paid* by Defendant, it is now improperly refusing full payment for such care and treatment, thereby threatening the health, life and safety of its beneficiaries.

5. At all times relevant, ABAFL performed its responsibilities under the agreement. However, after ABAFL rendered services, Defendants repudiated and breached the agreement, depriving ABAFL of its entitlement to reimbursement.

**PARTIES, JURISDICTION, AND VENUE**

6. This is a civil action for damages to recover underpaid healthcare claims pursuant to Florida Statute §§ 627.6131 and 627.6686 and for other relief requested exceeding $50,000.00, exclusive of court costs, pre-judgment interest, and attorney fees.

7. ABAFL is a Florida for-profit corporation with its principal place of business in Broward County, Florida.

8. Defendant Publix is a Florida for profit-corporation with its principal place of business in Polk County, Florida. Publix operates supermarkets and in furtherance of its operations, employs workers and makes available employee benefit plans to persons or risks located within the state of Florida, including Broward County, Florida.

9. All amounts due and owing were to be paid in Broward County, Florida.

10. Venue is proper in Broward County, Florida, as a substantial part of the events or omissions giving rise to the claim occurred in Broward County, Florida.

11. At all times material hereto, Publix, is and was a self-funded employer that sponsored a health insurance plan of which certain ABAFL patients are and were beneficiaries.

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 3 of 19

12. Member # 1 ("Member 1") is a fictional alias[1] for a patient who received the medical services described in this Complaint. Upon information and belief, Member 1 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*72662).

13. Member # 2 ("Member 2") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 2 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*37458).

14. Member # 3 ("Member 3") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 3 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*54123).

15. Member # 4 ("Member 4") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 4 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*13140).

16. Member # 5 ("Member 5") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 5 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*13140). Member 4 and Member 5 are siblings.

17. Member # 6 ("Member 6") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 6 can be identified by

[1] Although ABAFL has appropriate consent to pursue this action, fictional aliases are used for all patients herein, who are children, to ensure privacy under state and federal law.

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 4 of 19

Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*64007).

18. Member # 7 ("Member 7") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 7 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*08265).

19. Member # 8 ("Member 8") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 8 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*08265). Member 7 and Member 8 are siblings.

20. Member # 9 ("Member 9") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 8 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*28602).

21. Member # 10 ("Member 10") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 10 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*01949).

22. Upon information and belief, Blue Cross and Blue Shield of Florida (hereinafter "BCBSFL") (not a party to this suit) is and was a health insurance company initially responsible for providing plan and claims administration services to Publix for the benefit of its Members, including Plaintiff's patients.

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 5 of 19

23. Upon information and belief, Blue Cross and Blue Shield of Florida later retained, or assigned its duties and responsibilities to, Blue Cross and Blue Shield of South Carolina (hereinafter "BCBSSC") (also not a party to this suit) to provide plan and claims administration services to Publix for the benefit of its Members, including Plaintiff's patients.

24. Upon information and belief, BCBSFL and/or BCBSSC were granted discretionary authority to interpret and apply plan terms and to make payment recommendations to Publix in connection with its review of claims under the plan.

25. Upon information and belief, Publix, as plan administrator, retained the ultimate responsibility for handling, adjudicating and paying claims.

26. Under the terms of the plan administered by Publix, covered individuals are entitled to payment for medically necessary health benefits.

27. Under the terms of the plan administered by Publix, covered services provided by a non-participating provider are to be reimbursed at an agreed upon amount, or the usual and customary rates for the community or geographic area based on what providers in the area usually charge for the same or similar medical services.

28. All conditions precedent to the institution of this action have occurred, been performed, been waived, or were futile.

## BACKGROUND ALLEGATIONS

### Autism Spectrum Disorder

29. ASD affects social skills, communication, and behaviors. Children with ASD present uniquely across a wide spectrum. The Centers for Disease Control and Prevention (CDC) reports that 1 in 31 children are diagnosed with ASD, and early therapeutic intervention is critical.

30. Research has revealed that children with ASD are 2.3 times more likely to require

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 6 of 19

emergency department visits, a burden that is significantly reduced when care is accessed promptly.

31. Elopement, or wandering, is a common behavior among individuals with ASD. Elopement occurs when a child with ASD leaves a safe space or caregiver without permission or supervision. Elopement is a serious and life-threatening issue for children with ASD, with nearly 50% having attempted or successfully eloped. Drowning due to elopement is the leading cause of death for children with ASD accounting for 91% of fatalities. Children with ASD are more likely to drown than their neurotypical peers, with most drownings occurring in their own backyards.

32. These tragedies are preventable with timely access to ABA therapy, which helps develop self-control and reduce elopement behaviors. For a child with ASD who elopes, being placed on a waitlist gives rise to grave risk of harm.

**Applied Behavior Analysis Therapy**

33. Applied Behavior Analysis (ABA) is the standard of care for children with ASD. ABA is a therapy based on the science of learning and behavior. ABA therapy delves deeply into the ways that individuals learn and behave, then uses that understanding to enable them to develop new abilities and work on challenges. It is typically used to help children with ASD and other developmental disorders learn behaviors that help them live safer and more fulfilling lives.

34. ABA therapy focuses on improving a child's skills in a multitude of facets, including communication and language abilities, social interactions, self-care and hygiene routines, play and leisure, and motor abilities. ABA is often used to help children with ASD cope with harmful or dangerous behaviors.

35. ABA therapy usually begins by identifying unsafe behavior, learning about what causes

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 7 of 19

the behavior and then teaching a safer alternative response.

36. An ABA therapy plan is designed by a qualified Board-Certified Behavior Analyst (BCBA) who evaluates the child's unique needs, skills, preferences, interests, challenges and family situation. The BCBA uses this information to create goals and an intervention plan. This plan is then delivered by a trained clinician, such as a registered behavior technician (RBT) or board-certified assistant behavior analyst (BCABA).

37. The main purpose of ABA therapy is to improve the child's abilities in ways that are meaningful to their overall quality of life.

38. ABA therapy treatment plans are individualized and based upon the unique clinical needs of a child diagnosed with ASD. Specific treatment plans can range from a few hours a week to 40 hours a week.

39. Research shows that starting ABA therapy early, ideally as soon as signs of ASD emerge, leads to measurable improvements in learning, communication, and social skills, laying the foundation for better long-term outcomes.

40. Timely access to ABA therapy is crucial and any delays can be detrimental. Studies show that children who are placed on waitlists are at higher risk of developmental regression, losing critical windows of opportunity for progress.

41. Furthermore, children who receive ABA intervention before the age of five are more likely to integrate into typical classroom settings and succeed academically.

42. Long-term ABA therapy has also been shown to result in significant improvement in intellectual function, drastically enhancing the child's developmental trajectory.

43. Thus, ABA therapy is medically necessary for children diagnosed with ASD.

44. However, across the country, children diagnosed with ASD are placed on waitlists for

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 8 of 19

several months to years before they are able to receive the medically necessary ABA therapy that is the standard of care for children with ASD.

45. A survey from the Autism Society of America shows that children who are placed on waitlists are at higher risk of developmental regression, losing critical windows of opportunity for progress. For a child with ASD who elopes, being placed on a waitlist gives rise to grave risk.

46. Children with ASD need and deserve immediate access to ABA therapy. Any delay in providing children with ASD the access to ABA therapy is a departure from the standard of care that results in harm to children with ASD.

**Plaintiff provides quality, medically necessary and covered clinical care**

47. ABAFL is committed to eliminating the waitlist barrier, offering immediate access to high-quality ABA therapy. While the waitlist for ABA services for many providers can be months or years, depending on location and provider, Plaintiff offers immediate availability to accept new clients into care in most markets in which it currently operates. This ensures that children with ASD receive the medically necessary, evidence-based intervention that is crucial without delay.

48. ABAFL is dedicated to rendering the best care possible in the industry for all patients. ABAFL's commitment to clinical excellence includes ABA training programs to promote registered behavior technicians (RBTs), crisis prevention training, hands on training under experienced board-certified behavior analysts (BCBAs), coordination with special interest groups for collaboration and professional development, peer mentor programs and collaborative case reviews.

49. ABAFL strives to maintain lower clinician to patient ratios than the average ABA provider. ABAFL offers Defendants' members access to services that are unlike any other available from most in-network ABA providers and must be compensated accordingly.

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 9 of 19

50. Further, Plaintiff provided these services consistent with Florida law, which requires Defendants to provide benefits for "Treatment of autism spectrum disorder and Down syndrome through speech therapy, occupational therapy, physical therapy, and applied behavior analysis." *See* Fla. Stat. § 627.6683(3)(b).

**The Covered Services**

51. At all material times, Members #1-10 were covered by the health insurance plan sponsored by Publix.

52. Upon information and belief, BCBSFL was claims administrator for Publix. BCBSFL later retained or assigned its duties as a primary provider of claims processing to BCBSSC although BCBSFL may utilize the services of BCBSSC to administer certain portions of the plan.

53. Upon information and belief, BCBSFL, or BCBSSC had authority to authorize medically necessary care, yet Publix retained ultimate authority to adjudicate and pay claims.

54. At all material times, ABAFL had no direct agreement with Publix, BCBSFL, or BCBSSC to be reimbursed for its services provided to Publix's Members at discounted rates. Accordingly, ABAFL was and is considered an out-of-network or non-participating provider.

55. Nonetheless, as a direct result of ABAFL's utilization review efforts, it was able to assist the following patients in securing authorization(s) from BCBSFL and/or BCBSSC to utilize their out-of-network benefits to pay for services rendered by ABAFL:

a. Member 1, a 6-year-old girl who was diagnosed with autism on or about January 25, 2024, and has been receiving treatment from ABAFL in Orange County, FL since approximately April 22, 2024.

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 10 of 19

b. Member 2, a 7-year-old boy, who was diagnosed with autism on or about December 8, 2023, and received treatment from ABAFL in Pasco County, FL until approximately February 13, 2023.

c. Member 3, a 4-year-old girl, who was diagnosed with autism on or about December 6, 2023, and has been receiving treatment from ABAFL in Palm Beach County, FL since approximately January 26, 2024.

d. Member 4, a 15-year-old girl, who was diagnosed with autism on or about September 25, 2023, and received treatment from ABAFL in Martin County, FL until approximately November 1, 2023.

e. Member 5, a 17-year-old girl, who was diagnosed with autism on or about September 25, 2023, and received treatment from ABAFL in Martin County, FL until approximately November 1, 2023.

f. Member 6, a 9-year-old boy, who was diagnosed with autism on or about April 19, 2024, and has been receiving treatment from ABAFL in Orange County, FL since approximately June 4, 2024.

g. Member 7, an 8-year-old boy, who was diagnosed with autism on or about January 30, 2023, and has been receiving treatment from ABAFL in Broward County, FL since approximately March 18, 2023.

h. Member 8, a 6-year-old boy, who was diagnosed with autism on or about October 28, 2022, and has been receiving treatment from ABAFL in Broward County, FL since approximately February 20, 2023.

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 11 of 19

i. Member 9, a 5-year-old girl, who was diagnosed with autism on or about March 26, 2024, and has been receiving treatment from ABAFL in Orange County, FL since approximately April 9, 2024.

j. Member 10, a 5-year-old boy, who was diagnosed with autism on or about January 31, 2024, and has been receiving treatment from ABAFL in Broward County, FL since approximately March 11, 2024.

56. Each of the Members identified above executed a valid written assignment of benefits assigning to ABAFL certain benefits payable pursuant to their policies and authorizing direct payment to Plaintiff of any insurance benefits otherwise payable to or on their behalf.

57. ABAFL timely and properly submitted its claims to BCBSFL and/or BCBSSC in the usual course of business for reimbursement and pursuant to relevant pre-authorizations.

58. ABAFL billed charges for its medical services for each of the patients above were within the usual and customary rates for the community or geographic area based on what providers in the area usually charge for the same or similar medical services.

59. Accordingly, Plaintiff is entitled to reimbursement of the billed charges, as that rate is within the usual and customary rates for the community or geographic area.

60. In the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff is entitled to reimbursement consistent with the usual and customary rates for the community or geographic area pursuant to each patient's respective out-of-network authorization.

61. Defendants have wrongfully refused to pay Plaintiff the entire amount of Plaintiff's billed charges on the submitted claims.

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 12 of 19

62. Defendants, by paying an arbitrary amount, has wrongfully refused to pay Plaintiff the usual and customary rates for the submitted claims.

63. By issuing payment to Plaintiff for the services performed by ABAFL, Defendant has approved each assignment pursuant to the terms of each Policy.

64. Plaintiff is entitled to interest thereon at a rate of 12% per annum on the amounts overdue on the underpaid claims pursuant to Florida Statutes § 627.6131(7).

**Plaintiff's Claims do not implicate Section 502(a) of ERISA**

65. To the extent that the Policy is governed by an Employee Retirement Income Security Act of 1974 ("ERISA") plan, Plaintiff's claims against Publix are solely for breach of the pre-authorization.

66. Plaintiff's claims concern only the ***rate*** of payment, rather than ***right*** of payment claims. These claims are based on contractual principles that are outside the scope of section 502(a) of ERISA, and are not completely preempted by ERISA. *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1350 (11th Cir. 2009); *See also Hialeah Anesthesia Specialists, LLC v. Coventry Health Care of Florida, Inc.,* 258 F. Supp. 3d 1323, 1330 (S.D. Fla. 2017).

**COUNT I**
**BREACH OF CONTRACT**
**(Third-Party Beneficiary)**

67. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1-66 as is fully set forth herein.

68. At all times relevant, the Members, while patients of ABAFL, received covered medically necessary services from ABAFL under the terms of the Policy.

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 13 of 19

69. At all times relevant, the services provided by ABAFL were performed pursuant to pre-authorizations received from Publix, by and through BCBSFL and/or BCBSSC.

70. ABAFL is a third-party beneficiary to the Policy since Defendant is mandated to pay for such services pursuant to Florida law.

71. ABAFL is also a third-party beneficiary to the Policy since (i) Florida law recognizes that medical service providers are intended beneficiaries of insurance contracts; (ii) such contracts primarily and directly benefit medical providers such as Plaintiff pursuant to Florida Statutes incorporated within the insurance contracts by the statutory incorporation doctrine; and (iii) because the insurance contracts either mandated or allowed for payment directly to Plaintiff for the services that were provided to Member. Moreover, at all times material, Defendant has acted as though Plaintiff was and is a third-party beneficiary thereby waiving any anti-assignment and/or anti-third-party beneficiary clause(s) in its Policy.

72. The Policy between Defendant and its Member should be interpreted to provide that Defendant should pay ABAFL its billed charges or, in the alternative, the usual and customary rates for the medical services rendered, if it is determined that the billed charges exceed the usual and customary rates for the medical services rendered. Alternatively, the charges for services rendered by ABAFL are either set by statute or administrative regulation, which is incorporated into the contract through the principle of statutory incorporation.

73. Moreover, at all times material, Defendant has acted as though ABAFL was and is a third-party beneficiary thereby waiving any anti-assignment and/or anti-third-party beneficiary clause(s) in its Policy.

74. Further, Member executed a written assignment of benefits assigning to ABAFL certain benefits payable pursuant to the Policy and also authorizing direct payment to ABAFL of any

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 14 of 19

insurance benefits otherwise payable to or on behalf of Member. In addition, or alternatively, Member equitably assigned their benefits under the Policy to ABAFL.

75. The Members are enrolled in Defendant's Employee Benefit Plan and as such Member's policy is governed by Florida Statutes Chapter 627. As such, Sections 627.64194 and 627.6131 are statutorily incorporated into Defendant's and Member's Policy.

**WHEREFORE**, Plaintiff demands judgment against Defendant Publix for the unpaid balance of its full billed charges, as same are within the usual and customary rates, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary rates for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest pursuant to Florida Statute § 627.6131(7), reasonable attorney's fees and costs pursuant to Florida Statutes § 627.428, and such other relief as the Court deems just and proper.

**COUNT II**
**BREACH OF CONTRACT**
**(Assignee/Direct Payee of Member)**

76. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1-66 as is fully set forth herein.

77. Defendant issued the policies to the Members which provided for payment of medical expenses as set forth therein.

78. Each policy was in full force and effect on the date(s) of service when ABAFL provided covered medical services to Members.

79. Members executed a written assignment of benefits assigning to ABAFL certain benefits payable pursuant to each policy and authorizing direct payment to ABAFL of any benefits

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 15 of 19

otherwise payable to or on behalf of Members.

80. In addition, or alternatively, Members equitably assigned their benefits under each policy to ABAFL.

81. At all times material, Defendants approved and/or authorized ABAFL to render services and submit claims for reimbursement pursuant to Members' policies.

82. The medical services provided by ABAFL to Members, as described above, were medically necessary and were appropriate in cost.

83. The Defendants already determined that the medical services provided by ABAFL were covered, and distributed payment to Plaintiff on certain claims pursuant to each policy. Plaintiff is simply seeking complete reimbursement for the provided services.

84. Defendant has unilaterally reduced or denied the medical bills that were submitted by Plaintiff for the services rendered to Members described above.

85. As a result, Defendants are in breach of its policies with Members.

86. As a direct and proximate result of such breach of the policies, Plaintiff has suffered damages.

87. Plaintiff is entitled to monetary damages and/or restitution from Defendant. In particular, and not by way of limitation, Defendant Publix is liable to Plaintiff for unpaid benefits, interests, attorneys' fees, and other penalties as this Court deems just and proper.

**WHEREFORE**, Plaintiff demands judgment against Defendant Publix for the unpaid balance of its full billed charges, as same are within the usual and customary rates, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary rates for the community or geographic area for its emergency and nonemergency

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 16 of 19

charges for the medical services rendered, together with pre-judgment interest pursuant to Florida Statute § 627.6131(7), reasonable attorney's fees and costs pursuant to Florida Statutes § 627.428, and such other relief as the Court deems just and proper.

**COUNT III**
**UNJUST ENRICHMENT**

88. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1-66 as is fully set forth herein.

89. ABAFL was not contracted with Publix, BCBSFL, or BCBSSC on the day(s) that the medically necessary services were provided to the Members.

90. Plaintiff has properly and timely submitted claims for charges with the Defendant for the medical services that the Plaintiff provided to the Members.

91. Such charges were within the usual and customary rates for similar services in the community where such services were provided.

92. Despite demands, Defendant has refused and continues to refuse to pay the usual and customary rates but instead paid either well below usual and customary rates or nothing for the services provided.

93. The services provided by ABAFL were medically necessary in the care and treatment of the Members and were performed with the Defendant's knowledge. The care rendered by ABAFL was either properly authorized or required no such authorization for the specific medical services rendered. Authorization issued by the Defendant, BCBSFL, or BCBSSC encompasses medically necessary ancillary services ordered in the course of the treating clinician's treatment plan.

94. Thus, the services conferred a direct benefit to the Defendant and were accepted by the Defendant through the Members.

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 17 of 19

95. The circumstances indicate that it would be inequitable for the Defendant to be permitted to collect premiums from the Members and subscribers in return for agreeing to properly reimburse providers that render covered medical services without paying the value thereof to the provider. See *S. Broward Hosp. Dist. v. ELAP Services*, LLC, 20-CV-61007, 2020 WL 7074645, at *7 (S.D. Fla. Dec. 3, 2020); See also *Surgery Ctr. of Viera, LLC v. United Healthcare, Inc.*, 465 F. Supp. 3d 1211 (M.D. Fla. 2020).

96. Further, the Defendant retained the benefit that was conferred the Members without issuing usual and customary payment for the benefit.

97. As a result, the circumstances are such that the Defendant should, in all fairness, be required to pay for the services provided by ABAFL to the Members.

98. Due to Defendant's failure to pay the usual and customary rates for these medical services, Defendant has been unjustly enriched, and Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary rates for the medical services provided or, in the alternative, what is determined to be the usual and customary rates for the medical services provided, together with prejudgment interest and its reasonable attorney fees pursuant to §§ 627.428 and 627.6131(7), Florida Statutes.

**WHEREFORE**, Plaintiff demands judgment against Defendant Publix for the unpaid balance of its full billed charges, as same are within the usual and customary rates, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary rates for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest pursuant to Florida Statute §

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 18 of 19

627.6131(7), reasonable attorney's fees and costs pursuant to Florida Statutes § 627.428, and such other relief as the Court deems just and proper.

**COUNT IV**
**PROMISSORY ESTOPPEL**

99. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1-66 as is fully set forth herein.

100. At all times relevant, the services provided by ABAFL were performed pursuant to pre-authorizations received from Publix, by and through BCBSFL and/or BCBSSC.

101. These authorizations constitute unambiguous definite and substantial written promises to Plaintiff that it would be paid for the services it rendered upon the Members.

102. Publix was in a position to fully perform, fulfill, and carry out the terms and conditions of these promises it made to Plaintiff, and it was foreseeable that these promises would induce ABAFL to provide services in reasonable reliance upon them.

103. Accordingly, Plaintiff, in reliance upon the promises made by Defendant was in fact induced to provide medical services and had a reasonable expectation to be properly reimbursed pursuant to the subject authorizations.

104. Injustice can be avoided only by enforcement of the promises made by the Defendant.

105. Due to Defendant's failure to pay the usual and customary rates for these medical services, Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary rates for the medical services provided or, in the alternative, what is determined to be the usual and customary rates for the medical services provided, together with prejudgment interest and its reasonable attorney fees pursuant to §§ 627.428 and 627.6131(7), Florida Statutes.

Unique Code : CAA-FAA-BCABB-JBAHFBAF-BCIJHCE-A Page 19 of 19

**WHEREFORE**, Plaintiff demands judgment against Defendant Publix for the unpaid balance of its full billed charges, as same are within the usual and customary rates, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary rates for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest pursuant to Florida Statute § 627.6131(7), reasonable attorney's fees and costs pursuant to Florida Statutes § 627.428, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable as a matter of right to a jury.

Dated this 25th day of August 2025.

Respectfully submitted,

ICBD HOLDINGS, LLC
110 E Broward Blvd, Suite 2400
Fort Lauderdale, FL 33301
Telephone: (561) 323-6579
Facsimile: (954) 640-4406
E-Mail: kjohnson@icbdholdings.com
slinder@icbdholdings.com

By: /s/ *Kristy Johnson*
Kristy M. Johnson
Florida Bar No. 144282
Sean B. Linder
Florida Bar No. 1002351
*Attorneys for Plaintiff*

# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

---

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 9/23/2025 10:23:37 AM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JBAHFAJC-BCIJHCD-H |
| **Case Docket:** | 8/25/2025 - Civil Cover Sheet - 3 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A202509231022118C9B |

---

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.

Case Number: CACE-25-013001 Division: 04
Filing # 230188253 E-Filed 08/25/2025 05:57:50 PM

Unique Code : CAA-FAA-BCABB-JBAHFAJC-BCIJHCD-H Page 1 of 3

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

## I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

ABA Cares of Florida, LLC
Plaintiff

Case # ___________________
Judge ___________________

vs.
Publix Super Markets, Inc.
Defendant

---

## II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 08/25/2025 05:57:49 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.
VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY

Digitally signed by Brenda D Forman
Date: 2025.09.23 10:23:53 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JBAHFAJC-BCIJHCD-H Page 2 of 3

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

Unique Code : CAA-FAA-BCABB-JBAHFAJC-BCIJHCD-H Page 3 of 3

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

4

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Sean B. Linder  Fla. Bar # 1002351
Attorney or party  (Bar # if attorney)

Sean B. Linder  08/25/2025
(type or print name)  Date

# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

---

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 9/23/2025 10:24:03 AM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JBBAIFFI-BCIJHCG-G |
| **Case Docket:** | 8/28/2025 - eSummons Issuance - 1 Page |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A202509231022118C9B |

---

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.

Unique Code : CAA-FAA-BCABB-JBBAIFFI-BCIJHCG-G Page 1 of 1

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

ABA CARES OF FLORIDA, LLC,
d/b/a ABA CENTERS OF FLORIDA,
a Florida corporation, (o/b/o Jane and
John Doe Members #1-10)

CASE NO. CACE 25-013001

Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation.

Defendants.

---

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint, amended complaint, or petition in this action on defendant,

**PUBLIX SUPER MARKETS, INC.**
By Serving: Corporate Creations Network, Inc.
801 US Highway 1
North Palm Beach, FL 33408

Each defendant is required to serve written defenses to the complaint, amended complaint or petition on KRISTY M. JOHNSON, (Florida Bar No. 144282) of ICBD HOLDINGS, LLC, Plaintiff's attorney, whose address is 110 E Broward Boulevard, Suite 2400, Fort Lauderdale, FL 33301; Telephone: (561) 323-6579, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint, amended complaint, or petition.

Dated on AUG 29 2025

Clerk of the Court

CLERK OF CIRCUIT & COUNTY COURT · IN GOD WE TRUST · FLORIDA · BROWARD COUNTY

BY: ____________________
As Deputy Clerk
Brenda D. Forman
BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 08/28/2025 12:07:20 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS
A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD
WITH BROWARD COUNTY CLERK OF COURTS.
VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY

Digitally signed by Brenda D Forman
Date: 2025.09.23 10:24:04 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

---

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 9/23/2025 10:23:59 AM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JBAIFGIJ-BCIJHCF-A |
| **Case Docket:** | 8/28/2025 - Notice of Appearance - 2 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A202509231022118C9B |

---

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.

Filing # 230457967 E-Filed 08/28/2025 12:27:46 PM

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

ABA CARES OF FLORIDA, LLC,
d/b/a ABA CENTERS OF FLORIDA,
a Florida corporation, (o/b/o Jane and
John Doe Members #1-10)

CASE NO. CACE 25-013001

Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation.

Defendants.

______________________________________

**NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESS**

PLEASE TAKE NOTICE, that Kristy M. Johnson, Esq. and Sean B. Linder, Esq. hereby enters their appearance as counsel for the Plaintiff and files this Designation of Primary and Secondary Email Addresses pursuant to Rule 2.516(b)(1)(A). Plaintiff designates the following email addresses for electronic service of all pleadings in the above styled cause as follows:

Primary Email Address: kjohnson@icbdholdings.com
slinder@icbdholdings.com

Secondary Email Address: jfenelon@icbdholdings.com

[THIS SPACE INTENTIONALLY LEFT BLANK]

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 08/28/2025 12:27:46 PM.****

Unique Code : CAA-FAA-BCABB-JBAIFGIJ-BCIJHCF-A Page 1 of 2

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.
VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY

Digitally signed by Brenda D Forman
Date: 2025.09.23 10:24:01 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JBAIFGIJ-BCIJHCF-A Page 2 of 2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically using the ECF system this 28th day of August 2025.

Respectfully Submitted,

ICBD HOLDINGS, LLC
110 E Broward Blvd, Suite 2400
Telephone: (561) 323-6579
Facsimile: (954) 640-4406
E-Mail: kjohnson@icbdholdings.com
slinder@icbdholdings.com

By: /s/ *Kristy Johnson*______
Kristy M. Johnson
Florida Bar No. 144282
Sean B. Linder
Florida Bar No. 1002351
*Attorneys for Plaintiff ABA Cares*

# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

---

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 9/23/2025 10:24:06 AM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G |
| **Case Docket:** | 8/29/2025 - Affidavit - 21 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A202509231022118C9B |

---

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.

# VERIFIED RETURN OF SERVICE

**State of Florida** **County of Broward** **Circuit Court**

Case Number: CACE-25-013001

Plaintiff(s):
**ABA CARES OF FLORIDA, LLC, d/b/a ABA CENTERS OF FLORIDA, a Florida corporation, (o/b/o Jane and John Doe Members #1-10),**

vs.

Defendant(s):
**PUBLIX SUPER MARKETS, INC., a Florida corporation,**

For:
Kristy Johnson
ICBD Holdings, LLC
110 E Broward Blvd, Suite 1100
Fort Lauderdale, FL 33301

Received by Holly Slater on the 29th day of August, 2025 at 10:20 am to be served on **PUBLIX SUPER MARKETS, INC. C/O Corporate Creations Network, Inc., 801 US Highway 1, North Palm Beach, FL 33408**.

I, Holly Slater, do hereby affirm that on the **29th day of August, 2025** at **10:55 am, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS and COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Carlotta Cartwright** as **Clerk** for **PUBLIX SUPER MARKETS, INC. C/O Corporate Creations Network, Inc.**, at the address of: **801 Us Highway 1, North Palm Beach, FL,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30+, Sex: F, Race/Skin Color: Black, Height: 5'6, Weight: 180, Hair: Black, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, a member in good standing in the county in which service was effected in accordance with State Statute,in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and the facts stated in it are true.Notary not required pursuant to F.S. 92.525

**Holly Slater**
CPS#2097

**Litigation Process Servers, LLC.**
**8306 Mills Drive**
**Suite 599**
**Miami, FL 33183**
**(305) 340-3100**

Our Job Serial Number: JDA-2025003318

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 08/29/2025 02:51:00 PM.****

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 1 of 21

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY

Digitally signed by Brenda D Forman
Date: 2025.09.23 10:24:08 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 2 of 21

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

ABA CARES OF FLORIDA, LLC,
d/b/a ABA CENTERS OF FLORIDA,
a Florida corporation, (o/b/o Jane and
John Doe Members #1-10)

CASE NO. CACE 25-013001

Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation.

Defendants.

______________________________________

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint, amended complaint, or petition in this action on defendant,

**PUBLIX SUPER MARKETS, INC.**
By Serving: Corporate Creations Network, Inc.
801 US Highway 1
North Palm Beach, FL 33408

Each defendant is required to serve written defenses to the complaint, amended complaint or petition on KRISTY M. JOHNSON, (Florida Bar No. 144282) of ICBD HOLDINGS, LLC, Plaintiff's attorney, whose address is 110 E Broward Boulevard, Suite 2400, Fort Lauderdale, FL 33301; Telephone: (561) 323-6579, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint, amended complaint, or petition.

Dated on AUG 29 2025

Clerk of the Court

CLERK OF CIRCUIT & COUNTY COURT
IN GOD WE TRUST
FLORIDA
BROWARD COUNTY

BY: ______________________
As Deputy Clerk

BRENDA D. FORMAN

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 3 of 21

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

ABA CARES OF FLORIDA, LLC,
d/b/a ABA CENTERS OF FLORIDA,
a Florida corporation, (o/b/o Jane and
John Doe Members #1-10)

CASE NO.:

vs.

PUBLIX SUPERMARKETS, INC.,
a Florida corporation,
_________________________________/

## COMPLAINT

COMES NOW, Plaintiff, ABA CARES OF FLORIDA, LLC d/b/a ABA CENTERS OF FLORIDA (hereinafter, "ABAFL"), o/b/o Jane and John Does Members #1-10 (hereafter "Members") (Members and ABAFL are collectively referred to as "Plaintiff") hereby sues Defendant, PUBLIX SUPERMARKETS, INC. (hereinafter, "Publix" or "Defendant"), and alleges as follows:

## NATURE OF THE CASE

1. This action is brought on behalf of ABAFL, which provides care and treatment to Florida residents who are beneficiaries of insurance policies issued and administered by Defendants.

2. ABAFL provides care and treatment to children diagnosed with autism spectrum disorder (ASD). Applied Behavior Analysis (ABA) therapy is a medically necessary service and recognized as the standard of care for children with ASD.

3. ABAFL has provided ABA therapy to ten (10) children residing in Broward County, Palm Beach County, Orange County, Pasco County, and Martin County who are beneficiaries of insurance policies issued and administered by Defendants (collectively, the "Members").

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 4 of 21

4. Even though ABA therapy and treatment is medically necessary, and services rendered were *covered, authorized, and partially paid* by Defendant, it is now improperly refusing full payment for such care and treatment, thereby threatening the health, life and safety of its beneficiaries.

5. At all times relevant, ABAFL performed its responsibilities under the agreement. However, after ABAFL rendered services, Defendants repudiated and breached the agreement, depriving ABAFL of its entitlement to reimbursement.

**PARTIES, JURISDICTION, AND VENUE**

6. This is a civil action for damages to recover underpaid healthcare claims pursuant to Florida Statute §§ 627.6131 and 627.6686 and for other relief requested exceeding $50,000.00, exclusive of court costs, pre-judgment interest, and attorney fees.

7. ABAFL is a Florida for-profit corporation with its principal place of business in Broward County, Florida.

8. Defendant Publix is a Florida for profit-corporation with its principal place of business in Polk County, Florida. Publix operates supermarkets and in furtherance of its operations, employs workers and makes available employee benefit plans to persons or risks located within the state of Florida, including Broward County, Florida.

9. All amounts due and owing were to be paid in Broward County, Florida.

10. Venue is proper in Broward County, Florida, as a substantial part of the events or omissions giving rise to the claim occurred in Broward County, Florida.

11. At all times material hereto, Publix, is and was a self-funded employer that sponsored a health insurance plan of which certain ABAFL patients are and were beneficiaries.

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 5 of 21

12. Member # 1 ("Member 1") is a fictional alias[1] for a patient who received the medical services described in this Complaint. Upon information and belief, Member 1 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*72662).

13. Member # 2 ("Member 2") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 2 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*37458).

14. Member # 3 ("Member 3") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 3 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*54123).

15. Member # 4 ("Member 4") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 4 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*13140).

16. Member # 5 ("Member 5") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 5 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*13140). Member 4 and Member 5 are siblings.

17. Member # 6 ("Member 6") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 6 can be identified by

[1] Although ABAFL has appropriate consent to pursue this action, fictional aliases are used for all patients herein, who are children, to ensure privacy under state and federal law.

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 6 of 21

Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*64007).

18. Member # 7 ("Member 7") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 7 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*08265).

19. Member # 8 ("Member 8") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 8 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*08265). Member 7 and Member 8 are siblings.

20. Member # 9 ("Member 9") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 8 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*28602).

21. Member # 10 ("Member 10") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 10 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*01949).

22. Upon information and belief, Blue Cross and Blue Shield of Florida (hereinafter "BCBSFL") (not a party to this suit) is and was a health insurance company initially responsible for providing plan and claims administration services to Publix for the benefit of its Members, including Plaintiff's patients.

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 7 of 21

23. Upon information and belief, Blue Cross and Blue Shield of Florida later retained, or assigned its duties and responsibilities to, Blue Cross and Blue Shield of South Carolina (hereinafter "BCBSSC") (also not a party to this suit) to provide plan and claims administration services to Publix for the benefit of its Members, including Plaintiff's patients.

24. Upon information and belief, BCBSFL and/or BCBSSC were granted discretionary authority to interpret and apply plan terms and to make payment recommendations to Publix in connection with its review of claims under the plan.

25. Upon information and belief, Publix, as plan administrator, retained the ultimate responsibility for handling, adjudicating and paying claims.

26. Under the terms of the plan administered by Publix, covered individuals are entitled to payment for medically necessary health benefits.

27. Under the terms of the plan administered by Publix, covered services provided by a non-participating provider are to be reimbursed at an agreed upon amount, or the usual and customary rates for the community or geographic area based on what providers in the area usually charge for the same or similar medical services.

28. All conditions precedent to the institution of this action have occurred, been performed, been waived, or were futile.

## BACKGROUND ALLEGATIONS

### Autism Spectrum Disorder

29. ASD affects social skills, communication, and behaviors. Children with ASD present uniquely across a wide spectrum. The Centers for Disease Control and Prevention (CDC) reports that 1 in 31 children are diagnosed with ASD, and early therapeutic intervention is critical.

30. Research has revealed that children with ASD are 2.3 times more likely to require

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 8 of 21

emergency department visits, a burden that is significantly reduced when care is accessed promptly.

31. Elopement, or wandering, is a common behavior among individuals with ASD. Elopement occurs when a child with ASD leaves a safe space or caregiver without permission or supervision. Elopement is a serious and life-threatening issue for children with ASD, with nearly 50% having attempted or successfully eloped. Drowning due to elopement is the leading cause of death for children with ASD accounting for 91% of fatalities. Children with ASD are more likely to drown than their neurotypical peers, with most drownings occurring in their own backyards.

32. These tragedies are preventable with timely access to ABA therapy, which helps develop self-control and reduce elopement behaviors. For a child with ASD who elopes, being placed on a waitlist gives rise to grave risk of harm.

**Applied Behavior Analysis Therapy**

33. Applied Behavior Analysis (ABA) is the standard of care for children with ASD. ABA is a therapy based on the science of learning and behavior. ABA therapy delves deeply into the ways that individuals learn and behave, then uses that understanding to enable them to develop new abilities and work on challenges. It is typically used to help children with ASD and other developmental disorders learn behaviors that help them live safer and more fulfilling lives.

34. ABA therapy focuses on improving a child's skills in a multitude of facets, including communication and language abilities, social interactions, self-care and hygiene routines, play and leisure, and motor abilities. ABA is often used to help children with ASD cope with harmful or dangerous behaviors.

35. ABA therapy usually begins by identifying unsafe behavior, learning about what causes

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 9 of 21

the behavior and then teaching a safer alternative response.

36. An ABA therapy plan is designed by a qualified Board-Certified Behavior Analyst (BCBA) who evaluates the child's unique needs, skills, preferences, interests, challenges and family situation. The BCBA uses this information to create goals and an intervention plan. This plan is then delivered by a trained clinician, such as a registered behavior technician (RBT) or board-certified assistant behavior analyst (BCABA).

37. The main purpose of ABA therapy is to improve the child's abilities in ways that are meaningful to their overall quality of life.

38. ABA therapy treatment plans are individualized and based upon the unique clinical needs of a child diagnosed with ASD. Specific treatment plans can range from a few hours a week to 40 hours a week.

39. Research shows that starting ABA therapy early, ideally as soon as signs of ASD emerge, leads to measurable improvements in learning, communication, and social skills, laying the foundation for better long-term outcomes.

40. Timely access to ABA therapy is crucial and any delays can be detrimental. Studies show that children who are placed on waitlists are at higher risk of developmental regression, losing critical windows of opportunity for progress.

41. Furthermore, children who receive ABA intervention before the age of five are more likely to integrate into typical classroom settings and succeed academically.

42. Long-term ABA therapy has also been shown to result in significant improvement in intellectual function, drastically enhancing the child's developmental trajectory.

43. Thus, ABA therapy is medically necessary for children diagnosed with ASD.

44. However, across the country, children diagnosed with ASD are placed on waitlists for

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 10 of 21

several months to years before they are able to receive the medically necessary ABA therapy that is the standard of care for children with ASD.

45. A survey from the Autism Society of America shows that children who are placed on waitlists are at higher risk of developmental regression, losing critical windows of opportunity for progress. For a child with ASD who elopes, being placed on a waitlist gives rise to grave risk.

46. Children with ASD need and deserve immediate access to ABA therapy. Any delay in providing children with ASD the access to ABA therapy is a departure from the standard of care that results in harm to children with ASD.

**Plaintiff provides quality, medically necessary and covered clinical care**

47. ABAFL is committed to eliminating the waitlist barrier, offering immediate access to high-quality ABA therapy. While the waitlist for ABA services for many providers can be months or years, depending on location and provider, Plaintiff offers immediate availability to accept new clients into care in most markets in which it currently operates. This ensures that children with ASD receive the medically necessary, evidence-based intervention that is crucial without delay.

48. ABAFL is dedicated to rendering the best care possible in the industry for all patients. ABAFL's commitment to clinical excellence includes ABA training programs to promote registered behavior technicians (RBTs), crisis prevention training, hands on training under experienced board-certified behavior analysts (BCBAs), coordination with special interest groups for collaboration and professional development, peer mentor programs and collaborative case reviews.

49. ABAFL strives to maintain lower clinician to patient ratios than the average ABA provider. ABAFL offers Defendants' members access to services that are unlike any other available from most in-network ABA providers and must be compensated accordingly.

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 11 of 21

50. Further, Plaintiff provided these services consistent with Florida law, which requires Defendants to provide benefits for "Treatment of autism spectrum disorder and Down syndrome through speech therapy, occupational therapy, physical therapy, and applied behavior analysis." *See* Fla. Stat. § 627.6683(3)(b).

**The Covered Services**

51. At all material times, Members #1-10 were covered by the health insurance plan sponsored by Publix.

52. Upon information and belief, BCBSFL was claims administrator for Publix. BCBSFL later retained or assigned its duties as a primary provider of claims processing to BCBSSC although BCBSFL may utilize the services of BCBSSC to administer certain portions of the plan.

53. Upon information and belief, BCBSFL, or BCBSSC had authority to authorize medically necessary care, yet Publix retained ultimate authority to adjudicate and pay claims.

54. At all material times, ABAFL had no direct agreement with Publix, BCBSFL, or BCBSSC to be reimbursed for its services provided to Publix's Members at discounted rates. Accordingly, ABAFL was and is considered an out-of-network or non-participating provider.

55. Nonetheless, as a direct result of ABAFL's utilization review efforts, it was able to assist the following patients in securing authorization(s) from BCBSFL and/or BCBSSC to utilize their out-of-network benefits to pay for services rendered by ABAFL:

a. Member 1, a 6-year-old girl who was diagnosed with autism on or about January 25, 2024, and has been receiving treatment from ABAFL in Orange County, FL since approximately April 22, 2024.

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 12 of 21

b. Member 2, a 7-year-old boy, who was diagnosed with autism on or about December 8, 2023, and received treatment from ABAFL in Pasco County, FL until approximately February 13, 2023.

c. Member 3, a 4-year-old girl, who was diagnosed with autism on or about December 6, 2023, and has been receiving treatment from ABAFL in Palm Beach County, FL since approximately January 26, 2024.

d. Member 4, a 15-year-old girl, who was diagnosed with autism on or about September 25, 2023, and received treatment from ABAFL in Martin County, FL until approximately November 1, 2023.

e. Member 5, a 17-year-old girl, who was diagnosed with autism on or about September 25, 2023, and received treatment from ABAFL in Martin County, FL until approximately November 1, 2023.

f. Member 6, a 9-year-old boy, who was diagnosed with autism on or about April 19, 2024, and has been receiving treatment from ABAFL in Orange County, FL since approximately June 4, 2024.

g. Member 7, an 8-year-old boy, who was diagnosed with autism on or about January 30, 2023, and has been receiving treatment from ABAFL in Broward County, FL since approximately March 18, 2023.

h. Member 8, a 6-year-old boy, who was diagnosed with autism on or about October 28, 2022, and has been receiving treatment from ABAFL in Broward County, FL since approximately February 20, 2023.

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 13 of 21

i. Member 9, a 5-year-old girl, who was diagnosed with autism on or about March 26, 2024, and has been receiving treatment from ABAFL in Orange County, FL since approximately April 9, 2024.

j. Member 10, a 5-year-old boy, who was diagnosed with autism on or about January 31, 2024, and has been receiving treatment from ABAFL in Broward County, FL since approximately March 11, 2024.

56. Each of the Members identified above executed a valid written assignment of benefits assigning to ABAFL certain benefits payable pursuant to their policies and authorizing direct payment to Plaintiff of any insurance benefits otherwise payable to or on their behalf.

57. ABAFL timely and properly submitted its claims to BCBSFL and/or BCBSSC in the usual course of business for reimbursement and pursuant to relevant pre-authorizations.

58. ABAFL billed charges for its medical services for each of the patients above were within the usual and customary rates for the community or geographic area based on what providers in the area usually charge for the same or similar medical services.

59. Accordingly, Plaintiff is entitled to reimbursement of the billed charges, as that rate is within the usual and customary rates for the community or geographic area.

60. In the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff is entitled to reimbursement consistent with the usual and customary rates for the community or geographic area pursuant to each patient's respective out-of-network authorization.

61. Defendants have wrongfully refused to pay Plaintiff the entire amount of Plaintiff's billed charges on the submitted claims.

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 14 of 21

62. Defendants, by paying an arbitrary amount, has wrongfully refused to pay Plaintiff the usual and customary rates for the submitted claims.

63. By issuing payment to Plaintiff for the services performed by ABAFL, Defendant has approved each assignment pursuant to the terms of each Policy.

64. Plaintiff is entitled to interest thereon at a rate of 12% per annum on the amounts overdue on the underpaid claims pursuant to Florida Statutes § 627.6131(7).

**Plaintiff's Claims do not implicate Section 502(a) of ERISA**

65. To the extent that the Policy is governed by an Employee Retirement Income Security Act of 1974 ("ERISA") plan, Plaintiff's claims against Publix are solely for breach of the pre-authorization.

66. Plaintiff's claims concern only the ***rate*** of payment, rather than ***right*** of payment claims. These claims are based on contractual principles that are outside the scope of section 502(a) of ERISA, and are not completely preempted by ERISA. *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350 (11th Cir. 2009); *See also Hialeah Anesthesia Specialists, LLC v. Coventry Health Care of Florida, Inc.*, 258 F. Supp. 3d 1323, 1330 (S.D. Fla. 2017).

**COUNT I**
**BREACH OF CONTRACT**
**(Third-Party Beneficiary)**

67. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1-66 as is fully set forth herein.

68. At all times relevant, the Members, while patients of ABAFL, received covered medically necessary services from ABAFL under the terms of the Policy.

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 15 of 21

69. At all times relevant, the services provided by ABAFL were performed pursuant to pre-authorizations received from Publix, by and through BCBSFL and/or BCBSSC.

70. ABAFL is a third-party beneficiary to the Policy since Defendant is mandated to pay for such services pursuant to Florida law.

71. ABAFL is also a third-party beneficiary to the Policy since (i) Florida law recognizes that medical service providers are intended beneficiaries of insurance contracts; (ii) such contracts primarily and directly benefit medical providers such as Plaintiff pursuant to Florida Statutes incorporated within the insurance contracts by the statutory incorporation doctrine; and (iii) because the insurance contracts either mandated or allowed for payment directly to Plaintiff for the services that were provided to Member. Moreover, at all times material, Defendant has acted as though Plaintiff was and is a third-party beneficiary thereby waiving any anti-assignment and/or anti-third-party beneficiary clause(s) in its Policy.

72. The Policy between Defendant and its Member should be interpreted to provide that Defendant should pay ABAFL its billed charges or, in the alternative, the usual and customary rates for the medical services rendered, if it is determined that the billed charges exceed the usual and customary rates for the medical services rendered. Alternatively, the charges for services rendered by ABAFL are either set by statute or administrative regulation, which is incorporated into the contract through the principle of statutory incorporation.

73. Moreover, at all times material, Defendant has acted as though ABAFL was and is a third-party beneficiary thereby waiving any anti-assignment and/or anti-third-party beneficiary clause(s) in its Policy.

74. Further, Member executed a written assignment of benefits assigning to ABAFL certain benefits payable pursuant to the Policy and also authorizing direct payment to ABAFL of any

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 16 of 21

insurance benefits otherwise payable to or on behalf of Member. In addition, or alternatively, Member equitably assigned their benefits under the Policy to ABAFL.

75. The Members are enrolled in Defendant's Employee Benefit Plan and as such Member's policy is governed by Florida Statutes Chapter 627. As such, Sections 627.64194 and 627.6131 are statutorily incorporated into Defendant's and Member's Policy.

**WHEREFORE**, Plaintiff demands judgment against Defendant Publix for the unpaid balance of its full billed charges, as same are within the usual and customary rates, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary rates for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest pursuant to Florida Statute § 627.6131(7), reasonable attorney's fees and costs pursuant to Florida Statutes § 627.428, and such other relief as the Court deems just and proper.

**COUNT II**
**BREACH OF CONTRACT**
**(Assignee/Direct Payee of Member)**

76. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1-66 as is fully set forth herein.

77. Defendant issued the policies to the Members which provided for payment of medical expenses as set forth therein.

78. Each policy was in full force and effect on the date(s) of service when ABAFL provided covered medical services to Members.

79. Members executed a written assignment of benefits assigning to ABAFL certain benefits payable pursuant to each policy and authorizing direct payment to ABAFL of any benefits

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 17 of 21

otherwise payable to or on behalf of Members.

80. In addition, or alternatively, Members equitably assigned their benefits under each policy to ABAFL.

81. At all times material, Defendants approved and/or authorized ABAFL to render services and submit claims for reimbursement pursuant to Members' policies.

82. The medical services provided by ABAFL to Members, as described above, were medically necessary and were appropriate in cost.

83. The Defendants already determined that the medical services provided by ABAFL were covered, and distributed payment to Plaintiff on certain claims pursuant to each policy. Plaintiff is simply seeking complete reimbursement for the provided services.

84. Defendant has unilaterally reduced or denied the medical bills that were submitted by Plaintiff for the services rendered to Members described above.

85. As a result, Defendants are in breach of its policies with Members.

86. As a direct and proximate result of such breach of the policies, Plaintiff has suffered damages.

87. Plaintiff is entitled to monetary damages and/or restitution from Defendant. In particular, and not by way of limitation, Defendant Publix is liable to Plaintiff for unpaid benefits, interests, attorneys' fees, and other penalties as this Court deems just and proper.

**WHEREFORE**, Plaintiff demands judgment against Defendant Publix for the unpaid balance of its full billed charges, as same are within the usual and customary rates, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary rates for the community or geographic area for its emergency and nonemergency

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 18 of 21

charges for the medical services rendered, together with pre-judgment interest pursuant to Florida Statute § 627.6131(7), reasonable attorney's fees and costs pursuant to Florida Statutes § 627.428, and such other relief as the Court deems just and proper.

**COUNT III**
**UNJUST ENRICHMENT**

88. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1-66 as is fully set forth herein.

89. ABAFL was not contracted with Publix, BCBSFL, or BCBSSC on the day(s) that the medically necessary services were provided to the Members.

90. Plaintiff has properly and timely submitted claims for charges with the Defendant for the medical services that the Plaintiff provided to the Members.

91. Such charges were within the usual and customary rates for similar services in the community where such services were provided.

92. Despite demands, Defendant has refused and continues to refuse to pay the usual and customary rates but instead paid either well below usual and customary rates or nothing for the services provided.

93. The services provided by ABAFL were medically necessary in the care and treatment of the Members and were performed with the Defendant's knowledge. The care rendered by ABAFL was either properly authorized or required no such authorization for the specific medical services rendered. Authorization issued by the Defendant, BCBSFL, or BCBSSC encompasses medically necessary ancillary services ordered in the course of the treating clinician's treatment plan.

94. Thus, the services conferred a direct benefit to the Defendant and were accepted by the Defendant through the Members.

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 19 of 21

95. The circumstances indicate that it would be inequitable for the Defendant to be permitted to collect premiums from the Members and subscribers in return for agreeing to properly reimburse providers that render covered medical services without paying the value thereof to the provider. See *S. Broward Hosp. Dist. v. ELAP Services*, LLC, 20-CV-61007, 2020 WL 7074645, at *7 (S.D. Fla. Dec. 3, 2020); See also *Surgery Ctr. of Viera, LLC v. United Healthcare, Inc.*, 465 F. Supp. 3d 1211 (M.D. Fla. 2020).

96. Further, the Defendant retained the benefit that was conferred the Members without issuing usual and customary payment for the benefit.

97. As a result, the circumstances are such that the Defendant should, in all fairness, be required to pay for the services provided by ABAFL to the Members.

98. Due to Defendant's failure to pay the usual and customary rates for these medical services, Defendant has been unjustly enriched, and Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary rates for the medical services provided or, in the alternative, what is determined to be the usual and customary rates for the medical services provided, together with prejudgment interest and its reasonable attorney fees pursuant to §§ 627.428 and 627.6131(7), Florida Statutes.

**WHEREFORE**, Plaintiff demands judgment against Defendant Publix for the unpaid balance of its full billed charges, as same are within the usual and customary rates, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary rates for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest pursuant to Florida Statute §

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 20 of 21

627.6131(7), reasonable attorney's fees and costs pursuant to Florida Statutes § 627.428, and such other relief as the Court deems just and proper.

**COUNT IV**
**PROMISSORY ESTOPPEL**

99. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1-66 as is fully set forth herein.

100. At all times relevant, the services provided by ABAFL were performed pursuant to pre-authorizations received from Publix, by and through BCBSFL and/or BCBSSC.

101. These authorizations constitute unambiguous definite and substantial written promises to Plaintiff that it would be paid for the services it rendered upon the Members.

102. Publix was in a position to fully perform, fulfill, and carry out the terms and conditions of these promises it made to Plaintiff, and it was foreseeable that these promises would induce ABAFL to provide services in reasonable reliance upon them.

103. Accordingly, Plaintiff, in reliance upon the promises made by Defendant was in fact induced to provide medical services and had a reasonable expectation to be properly reimbursed pursuant to the subject authorizations.

104. Injustice can be avoided only by enforcement of the promises made by the Defendant.

105. Due to Defendant's failure to pay the usual and customary rates for these medical services, Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary rates for the medical services provided or, in the alternative, what is determined to be the usual and customary rates for the medical services provided, together with prejudgment interest and its reasonable attorney fees pursuant to §§ 627.428 and 627.6131(7), Florida Statutes.

Unique Code : CAA-FAA-BCABB-JBBEIBBF-BCIJHCH-G Page 21 of 21

**WHEREFORE**, Plaintiff demands judgment against Defendant Publix for the unpaid balance of its full billed charges, as same are within the usual and customary rates, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary rates for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest pursuant to Florida Statute § 627.6131(7), reasonable attorney's fees and costs pursuant to Florida Statutes § 627.428, and such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable as a matter of right to a jury.

Dated this 25th day of August 2025.

Respectfully submitted,

ICBD HOLDINGS, LLC
110 E Broward Blvd, Suite 2400
Fort Lauderdale, FL 33301
Telephone: (561) 323-6579
Facsimile: (954) 640-4406
E-Mail: kjohnson@icbdholdings.com
slinder@icbdholdings.com

By: /s/ *Kristy Johnson*
Kristy M. Johnson
Florida Bar No. 144282
Sean B. Linder
Florida Bar No. 1002351
*Attorneys for Plaintiff*

# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

---

**DOCUMENT INFORMATION**

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 9/23/2025 10:24:10 AM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D |
| **Case Docket:** | 9/2/2025 - Summons Returned Served - 21 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A202509231022118C9B |

---

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 1 of 21

# VERIFIED RETURN OF SERVICE

**State of Florida** **County of Broward** **Circuit Court**

Case Number: CACE-25-013001

Plaintiff(s):
**ABA CARES OF FLORIDA, LLC, d/b/a ABA CENTERS OF FLORIDA, a Florida corporation, (o/b/o Jane and John Doe Members #1-10),**

vs.

Defendant(s):
**PUBLIX SUPER MARKETS, INC., a Florida corporation,**

For:
Kristy Johnson
ICBD Holdings, LLC
110 E Broward Blvd, Suite 1100
Fort Lauderdale, FL 33301

Received by Holly Slater on the 29th day of August, 2025 at 10:20 am to be served on **PUBLIX SUPER MARKETS, INC. C/O Corporate Creations Network, Inc., 801 US Highway 1, North Palm Beach, FL 33408**.

I, Holly Slater, do hereby affirm that on the **29th day of August, 2025** at **10:55 am, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS and COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Carlotta Cartwright** as **Clerk** for **PUBLIX SUPER MARKETS, INC. C/O Corporate Creations Network, Inc.**, at the address of: **801 Us Highway 1, North Palm Beach, FL**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30+, Sex: F, Race/Skin Color: Black, Height: 5'6, Weight: 180, Hair: Black, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, a member in good standing in the county in which service was effected in accordance with State Statute,in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and the facts stated in it are true.Notary not required pursuant to F.S. 92.525

**Holly Slater**
CPS#2097

**Litigation Process Servers, LLC.**
**8306 Mills Drive**
**Suite 599**
**Miami, FL 33183**
**(305) 340-3100**

Our Job Serial Number: JDA-2025003318

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e



I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY

Digitally signed by Brenda D Forman
Date: 2025.09.23 10:24:11 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 2 of 21

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

ABA CARES OF FLORIDA, LLC,
d/b/a ABA CENTERS OF FLORIDA,
a Florida corporation, (o/b/o Jane and
John Doe Members #1-10)

CASE NO. CACE 25-013001

Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation.

Defendants.

---

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint, amended complaint, or petition in this action on defendant,

**PUBLIX SUPER MARKETS, INC.**
By Serving: Corporate Creations Network, Inc.
801 US Highway 1
North Palm Beach, FL 33408

Each defendant is required to serve written defenses to the complaint, amended complaint or petition on KRISTY M. JOHNSON, (Florida Bar No. 144282) of ICBD HOLDINGS, LLC, Plaintiff's attorney, whose address is 110 E Broward Boulevard, Suite 2400, Fort Lauderdale, FL 33301; Telephone: (561) 323-6579, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint, amended complaint, or petition.

Dated on AUG 29 2025

Clerk of the Court

BY: ____________________
As Deputy Clerk

BRENDA D. FORMAN

Filing # 230188253 E-Filed 08/25/2025 05:57:50 PM

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 3 of 21

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

ABA CARES OF FLORIDA, LLC,
d/b/a ABA CENTERS OF FLORIDA,
a Florida corporation, (o/b/o Jane and
John Doe Members #1-10)

CASE NO.:

vs.

PUBLIX SUPERMARKETS, INC.,
a Florida corporation,
___________________________________/

## COMPLAINT

COMES NOW, Plaintiff, ABA CARES OF FLORIDA, LLC d/b/a ABA CENTERS OF FLORIDA (hereinafter, "ABAFL"), o/b/o Jane and John Does Members #1-10 (hereafter "Members") (Members and ABAFL are collectively referred to as "Plaintiff") hereby sues Defendant, PUBLIX SUPERMARKETS, INC. (hereinafter, "Publix" or "Defendant"), and alleges as follows:

## NATURE OF THE CASE

1. This action is brought on behalf of ABAFL, which provides care and treatment to Florida residents who are beneficiaries of insurance policies issued and administered by Defendants.

2. ABAFL provides care and treatment to children diagnosed with autism spectrum disorder (ASD). Applied Behavior Analysis (ABA) therapy is a medically necessary service and recognized as the standard of care for children with ASD.

3. ABAFL has provided ABA therapy to ten (10) children residing in Broward County, Palm Beach County, Orange County, Pasco County, and Martin County who are beneficiaries of insurance policies issued and administered by Defendants (collectively, the "Members").

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 4 of 21

4. Even though ABA therapy and treatment is medically necessary, and services rendered were *covered, authorized, and partially paid* by Defendant, it is now improperly refusing full payment for such care and treatment, thereby threatening the health, life and safety of its beneficiaries.

5. At all times relevant, ABAFL performed its responsibilities under the agreement. However, after ABAFL rendered services, Defendants repudiated and breached the agreement, depriving ABAFL of its entitlement to reimbursement.

**PARTIES, JURISDICTION, AND VENUE**

6. This is a civil action for damages to recover underpaid healthcare claims pursuant to Florida Statute §§ 627.6131 and 627.6686 and for other relief requested exceeding $50,000.00, exclusive of court costs, pre-judgment interest, and attorney fees.

7. ABAFL is a Florida for-profit corporation with its principal place of business in Broward County, Florida.

8. Defendant Publix is a Florida for profit-corporation with its principal place of business in Polk County, Florida. Publix operates supermarkets and in furtherance of its operations, employs workers and makes available employee benefit plans to persons or risks located within the state of Florida, including Broward County, Florida.

9. All amounts due and owing were to be paid in Broward County, Florida.

10. Venue is proper in Broward County, Florida, as a substantial part of the events or omissions giving rise to the claim occurred in Broward County, Florida.

11. At all times material hereto, Publix, is and was a self-funded employer that sponsored a health insurance plan of which certain ABAFL patients are and were beneficiaries.

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 5 of 21

12. Member # 1 ("Member 1") is a fictional alias[1] for a patient who received the medical services described in this Complaint. Upon information and belief, Member 1 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*72662).

13. Member # 2 ("Member 2") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 2 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*37458).

14. Member # 3 ("Member 3") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 3 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*54123).

15. Member # 4 ("Member 4") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 4 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*13140).

16. Member # 5 ("Member 5") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 5 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*13140). Member 4 and Member 5 are siblings.

17. Member # 6 ("Member 6") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 6 can be identified by

[1] Although ABAFL has appropriate consent to pursue this action, fictional aliases are used for all patients herein, who are children, to ensure privacy under state and federal law.

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 6 of 21

Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*64007).

18. Member # 7 ("Member 7") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 7 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*08265).

19. Member # 8 ("Member 8") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 8 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*08265). Member 7 and Member 8 are siblings.

20. Member # 9 ("Member 9") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 8 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*28602).

21. Member # 10 ("Member 10") is a fictional alias for a patient who received the medical services described in this Complaint. Upon information and belief, Member 10 can be identified by Publix utilizing their three-character alpha prefix (PXN) and the last 5 digits of their Member ID number (*01949).

22. Upon information and belief, Blue Cross and Blue Shield of Florida (hereinafter "BCBSFL") (not a party to this suit) is and was a health insurance company initially responsible for providing plan and claims administration services to Publix for the benefit of its Members, including Plaintiff's patients.

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 7 of 21

23. Upon information and belief, Blue Cross and Blue Shield of Florida later retained, or assigned its duties and responsibilities to, Blue Cross and Blue Shield of South Carolina (hereinafter "BCBSSC") (also not a party to this suit) to provide plan and claims administration services to Publix for the benefit of its Members, including Plaintiff's patients.

24. Upon information and belief, BCBSFL and/or BCBSSC were granted discretionary authority to interpret and apply plan terms and to make payment recommendations to Publix in connection with its review of claims under the plan.

25. Upon information and belief, Publix, as plan administrator, retained the ultimate responsibility for handling, adjudicating and paying claims.

26. Under the terms of the plan administered by Publix, covered individuals are entitled to payment for medically necessary health benefits.

27. Under the terms of the plan administered by Publix, covered services provided by a non-participating provider are to be reimbursed at an agreed upon amount, or the usual and customary rates for the community or geographic area based on what providers in the area usually charge for the same or similar medical services.

28. All conditions precedent to the institution of this action have occurred, been performed, been waived, or were futile.

## BACKGROUND ALLEGATIONS

### Autism Spectrum Disorder

29. ASD affects social skills, communication, and behaviors. Children with ASD present uniquely across a wide spectrum. The Centers for Disease Control and Prevention (CDC) reports that 1 in 31 children are diagnosed with ASD, and early therapeutic intervention is critical.

30. Research has revealed that children with ASD are 2.3 times more likely to require

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 8 of 21

emergency department visits, a burden that is significantly reduced when care is accessed promptly.

31. Elopement, or wandering, is a common behavior among individuals with ASD. Elopement occurs when a child with ASD leaves a safe space or caregiver without permission or supervision. Elopement is a serious and life-threatening issue for children with ASD, with nearly 50% having attempted or successfully eloped. Drowning due to elopement is the leading cause of death for children with ASD accounting for 91% of fatalities. Children with ASD are more likely to drown than their neurotypical peers, with most drownings occurring in their own backyards.

32. These tragedies are preventable with timely access to ABA therapy, which helps develop self-control and reduce elopement behaviors. For a child with ASD who elopes, being placed on a waitlist gives rise to grave risk of harm.

**Applied Behavior Analysis Therapy**

33. Applied Behavior Analysis (ABA) is the standard of care for children with ASD. ABA is a therapy based on the science of learning and behavior. ABA therapy delves deeply into the ways that individuals learn and behave, then uses that understanding to enable them to develop new abilities and work on challenges. It is typically used to help children with ASD and other developmental disorders learn behaviors that help them live safer and more fulfilling lives.

34. ABA therapy focuses on improving a child's skills in a multitude of facets, including communication and language abilities, social interactions, self-care and hygiene routines, play and leisure, and motor abilities. ABA is often used to help children with ASD cope with harmful or dangerous behaviors.

35. ABA therapy usually begins by identifying unsafe behavior, learning about what causes

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 9 of 21

the behavior and then teaching a safer alternative response.

36. An ABA therapy plan is designed by a qualified Board-Certified Behavior Analyst (BCBA) who evaluates the child's unique needs, skills, preferences, interests, challenges and family situation. The BCBA uses this information to create goals and an intervention plan. This plan is then delivered by a trained clinician, such as a registered behavior technician (RBT) or board-certified assistant behavior analyst (BCABA).

37. The main purpose of ABA therapy is to improve the child's abilities in ways that are meaningful to their overall quality of life.

38. ABA therapy treatment plans are individualized and based upon the unique clinical needs of a child diagnosed with ASD. Specific treatment plans can range from a few hours a week to 40 hours a week.

39. Research shows that starting ABA therapy early, ideally as soon as signs of ASD emerge, leads to measurable improvements in learning, communication, and social skills, laying the foundation for better long-term outcomes.

40. Timely access to ABA therapy is crucial and any delays can be detrimental. Studies show that children who are placed on waitlists are at higher risk of developmental regression, losing critical windows of opportunity for progress.

41. Furthermore, children who receive ABA intervention before the age of five are more likely to integrate into typical classroom settings and succeed academically.

42. Long-term ABA therapy has also been shown to result in significant improvement in intellectual function, drastically enhancing the child's developmental trajectory.

43. Thus, ABA therapy is medically necessary for children diagnosed with ASD.

44. However, across the country, children diagnosed with ASD are placed on waitlists for

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 10 of 21

several months to years before they are able to receive the medically necessary ABA therapy that is the standard of care for children with ASD.

45. A survey from the Autism Society of America shows that children who are placed on waitlists are at higher risk of developmental regression, losing critical windows of opportunity for progress. For a child with ASD who elopes, being placed on a waitlist gives rise to grave risk.

46. Children with ASD need and deserve immediate access to ABA therapy. Any delay in providing children with ASD the access to ABA therapy is a departure from the standard of care that results in harm to children with ASD.

**Plaintiff provides quality, medically necessary and covered clinical care**

47. ABAFL is committed to eliminating the waitlist barrier, offering immediate access to high-quality ABA therapy. While the waitlist for ABA services for many providers can be months or years, depending on location and provider, Plaintiff offers immediate availability to accept new clients into care in most markets in which it currently operates. This ensures that children with ASD receive the medically necessary, evidence-based intervention that is crucial without delay.

48. ABAFL is dedicated to rendering the best care possible in the industry for all patients. ABAFL's commitment to clinical excellence includes ABA training programs to promote registered behavior technicians (RBTs), crisis prevention training, hands on training under experienced board-certified behavior analysts (BCBAs), coordination with special interest groups for collaboration and professional development, peer mentor programs and collaborative case reviews.

49. ABAFL strives to maintain lower clinician to patient ratios than the average ABA provider. ABAFL offers Defendants' members access to services that are unlike any other available from most in-network ABA providers and must be compensated accordingly.

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 11 of 21

50. Further, Plaintiff provided these services consistent with Florida law, which requires Defendants to provide benefits for "Treatment of autism spectrum disorder and Down syndrome through speech therapy, occupational therapy, physical therapy, and applied behavior analysis." *See* Fla. Stat. § 627.6683(3)(b).

**The Covered Services**

51. At all material times, Members #1-10 were covered by the health insurance plan sponsored by Publix.

52. Upon information and belief, BCBSFL was claims administrator for Publix. BCBSFL later retained or assigned its duties as a primary provider of claims processing to BCBSSC although BCBSFL may utilize the services of BCBSSC to administer certain portions of the plan.

53. Upon information and belief, BCBSFL, or BCBSSC had authority to authorize medically necessary care, yet Publix retained ultimate authority to adjudicate and pay claims.

54. At all material times, ABAFL had no direct agreement with Publix, BCBSFL, or BCBSSC to be reimbursed for its services provided to Publix's Members at discounted rates. Accordingly, ABAFL was and is considered an out-of-network or non-participating provider.

55. Nonetheless, as a direct result of ABAFL's utilization review efforts, it was able to assist the following patients in securing authorization(s) from BCBSFL and/or BCBSSC to utilize their out-of-network benefits to pay for services rendered by ABAFL:

a. Member 1, a 6-year-old girl who was diagnosed with autism on or about January 25, 2024, and has been receiving treatment from ABAFL in Orange County, FL since approximately April 22, 2024.

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 12 of 21

b. Member 2, a 7-year-old boy, who was diagnosed with autism on or about December 8, 2023, and received treatment from ABAFL in Pasco County, FL until approximately February 13, 2023.

c. Member 3, a 4-year-old girl, who was diagnosed with autism on or about December 6, 2023, and has been receiving treatment from ABAFL in Palm Beach County, FL since approximately January 26, 2024.

d. Member 4, a 15-year-old girl, who was diagnosed with autism on or about September 25, 2023, and received treatment from ABAFL in Martin County, FL until approximately November 1, 2023.

e. Member 5, a 17-year-old girl, who was diagnosed with autism on or about September 25, 2023, and received treatment from ABAFL in Martin County, FL until approximately November 1, 2023.

f. Member 6, a 9-year-old boy, who was diagnosed with autism on or about April 19, 2024, and has been receiving treatment from ABAFL in Orange County, FL since approximately June 4, 2024.

g. Member 7, an 8-year-old boy, who was diagnosed with autism on or about January 30, 2023, and has been receiving treatment from ABAFL in Broward County, FL since approximately March 18, 2023.

h. Member 8, a 6-year-old boy, who was diagnosed with autism on or about October 28, 2022, and has been receiving treatment from ABAFL in Broward County, FL since approximately February 20, 2023.

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 13 of 21

i. Member 9, a 5-year-old girl, who was diagnosed with autism on or about March 26, 2024, and has been receiving treatment from ABAFL in Orange County, FL since approximately April 9, 2024.

j. Member 10, a 5-year-old boy, who was diagnosed with autism on or about January 31, 2024, and has been receiving treatment from ABAFL in Broward County, FL since approximately March 11, 2024.

56. Each of the Members identified above executed a valid written assignment of benefits assigning to ABAFL certain benefits payable pursuant to their policies and authorizing direct payment to Plaintiff of any insurance benefits otherwise payable to or on their behalf.

57. ABAFL timely and properly submitted its claims to BCBSFL and/or BCBSSC in the usual course of business for reimbursement and pursuant to relevant pre-authorizations.

58. ABAFL billed charges for its medical services for each of the patients above were within the usual and customary rates for the community or geographic area based on what providers in the area usually charge for the same or similar medical services.

59. Accordingly, Plaintiff is entitled to reimbursement of the billed charges, as that rate is within the usual and customary rates for the community or geographic area.

60. In the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff is entitled to reimbursement consistent with the usual and customary rates for the community or geographic area pursuant to each patient's respective out-of-network authorization.

61. Defendants have wrongfully refused to pay Plaintiff the entire amount of Plaintiff's billed charges on the submitted claims.

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 14 of 21

62. Defendants, by paying an arbitrary amount, has wrongfully refused to pay Plaintiff the usual and customary rates for the submitted claims.

63. By issuing payment to Plaintiff for the services performed by ABAFL, Defendant has approved each assignment pursuant to the terms of each Policy.

64. Plaintiff is entitled to interest thereon at a rate of 12% per annum on the amounts overdue on the underpaid claims pursuant to Florida Statutes § 627.6131(7).

**Plaintiff's Claims do not implicate Section 502(a) of ERISA**

65. To the extent that the Policy is governed by an Employee Retirement Income Security Act of 1974 ("ERISA") plan, Plaintiff's claims against Publix are solely for breach of the pre-authorization.

66. Plaintiff's claims concern only the ***rate*** of payment, rather than ***right*** of payment claims. These claims are based on contractual principles that are outside the scope of section 502(a) of ERISA, and are not completely preempted by ERISA. *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1350 (11th Cir. 2009); *See also Hialeah Anesthesia Specialists, LLC v. Coventry Health Care of Florida, Inc.,* 258 F. Supp. 3d 1323, 1330 (S.D. Fla. 2017).

**COUNT I**
**BREACH OF CONTRACT**
**(Third-Party Beneficiary)**

67. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1-66 as is fully set forth herein.

68. At all times relevant, the Members, while patients of ABAFL, received covered medically necessary services from ABAFL under the terms of the Policy.

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 15 of 21

69. At all times relevant, the services provided by ABAFL were performed pursuant to pre-authorizations received from Publix, by and through BCBSFL and/or BCBSSC.

70. ABAFL is a third-party beneficiary to the Policy since Defendant is mandated to pay for such services pursuant to Florida law.

71. ABAFL is also a third-party beneficiary to the Policy since (i) Florida law recognizes that medical service providers are intended beneficiaries of insurance contracts; (ii) such contracts primarily and directly benefit medical providers such as Plaintiff pursuant to Florida Statutes incorporated within the insurance contracts by the statutory incorporation doctrine; and (iii) because the insurance contracts either mandated or allowed for payment directly to Plaintiff for the services that were provided to Member. Moreover, at all times material, Defendant has acted as though Plaintiff was and is a third-party beneficiary thereby waiving any anti-assignment and/or anti-third-party beneficiary clause(s) in its Policy.

72. The Policy between Defendant and its Member should be interpreted to provide that Defendant should pay ABAFL its billed charges or, in the alternative, the usual and customary rates for the medical services rendered, if it is determined that the billed charges exceed the usual and customary rates for the medical services rendered. Alternatively, the charges for services rendered by ABAFL are either set by statute or administrative regulation, which is incorporated into the contract through the principle of statutory incorporation.

73. Moreover, at all times material, Defendant has acted as though ABAFL was and is a third-party beneficiary thereby waiving any anti-assignment and/or anti-third-party beneficiary clause(s) in its Policy.

74. Further, Member executed a written assignment of benefits assigning to ABAFL certain benefits payable pursuant to the Policy and also authorizing direct payment to ABAFL of any

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 16 of 21

insurance benefits otherwise payable to or on behalf of Member. In addition, or alternatively, Member equitably assigned their benefits under the Policy to ABAFL.

75. The Members are enrolled in Defendant's Employee Benefit Plan and as such Member's policy is governed by Florida Statutes Chapter 627. As such, Sections 627.64194 and 627.6131 are statutorily incorporated into Defendant's and Member's Policy.

**WHEREFORE**, Plaintiff demands judgment against Defendant Publix for the unpaid balance of its full billed charges, as same are within the usual and customary rates, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary rates for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest pursuant to Florida Statute § 627.6131(7), reasonable attorney's fees and costs pursuant to Florida Statutes § 627.428, and such other relief as the Court deems just and proper.

**COUNT II**
**BREACH OF CONTRACT**
**(Assignee/Direct Payee of Member)**

76. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1-66 as is fully set forth herein.

77. Defendant issued the policies to the Members which provided for payment of medical expenses as set forth therein.

78. Each policy was in full force and effect on the date(s) of service when ABAFL provided covered medical services to Members.

79. Members executed a written assignment of benefits assigning to ABAFL certain benefits payable pursuant to each policy and authorizing direct payment to ABAFL of any benefits

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 17 of 21

otherwise payable to or on behalf of Members.

80. In addition, or alternatively, Members equitably assigned their benefits under each policy to ABAFL.

81. At all times material, Defendants approved and/or authorized ABAFL to render services and submit claims for reimbursement pursuant to Members' policies.

82. The medical services provided by ABAFL to Members, as described above, were medically necessary and were appropriate in cost.

83. The Defendants already determined that the medical services provided by ABAFL were covered, and distributed payment to Plaintiff on certain claims pursuant to each policy. Plaintiff is simply seeking complete reimbursement for the provided services.

84. Defendant has unilaterally reduced or denied the medical bills that were submitted by Plaintiff for the services rendered to Members described above.

85. As a result, Defendants are in breach of its policies with Members.

86. As a direct and proximate result of such breach of the policies, Plaintiff has suffered damages.

87. Plaintiff is entitled to monetary damages and/or restitution from Defendant. In particular, and not by way of limitation, Defendant Publix is liable to Plaintiff for unpaid benefits, interests, attorneys' fees, and other penalties as this Court deems just and proper.

**WHEREFORE**, Plaintiff demands judgment against Defendant Publix for the unpaid balance of its full billed charges, as same are within the usual and customary rates, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary rates for the community or geographic area for its emergency and nonemergency

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 18 of 21

charges for the medical services rendered, together with pre-judgment interest pursuant to Florida Statute § 627.6131(7), reasonable attorney's fees and costs pursuant to Florida Statutes § 627.428, and such other relief as the Court deems just and proper.

**COUNT III**
**UNJUST ENRICHMENT**

88. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1-66 as is fully set forth herein.

89. ABAFL was not contracted with Publix, BCBSFL, or BCBSSC on the day(s) that the medically necessary services were provided to the Members.

90. Plaintiff has properly and timely submitted claims for charges with the Defendant for the medical services that the Plaintiff provided to the Members.

91. Such charges were within the usual and customary rates for similar services in the community where such services were provided.

92. Despite demands, Defendant has refused and continues to refuse to pay the usual and customary rates but instead paid either well below usual and customary rates or nothing for the services provided.

93. The services provided by ABAFL were medically necessary in the care and treatment of the Members and were performed with the Defendant's knowledge. The care rendered by ABAFL was either properly authorized or required no such authorization for the specific medical services rendered. Authorization issued by the Defendant, BCBSFL, or BCBSSC encompasses medically necessary ancillary services ordered in the course of the treating clinician's treatment plan.

94. Thus, the services conferred a direct benefit to the Defendant and were accepted by the Defendant through the Members.

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 19 of 21

95. The circumstances indicate that it would be inequitable for the Defendant to be permitted to collect premiums from the Members and subscribers in return for agreeing to properly reimburse providers that render covered medical services without paying the value thereof to the provider. See *S. Broward Hosp. Dist. v. ELAP Services*, LLC, 20-CV-61007, 2020 WL 7074645, at *7 (S.D. Fla. Dec. 3, 2020); See also *Surgery Ctr. of Viera, LLC v. United Healthcare, Inc.*, 465 F. Supp. 3d 1211 (M.D. Fla. 2020).

96. Further, the Defendant retained the benefit that was conferred the Members without issuing usual and customary payment for the benefit.

97. As a result, the circumstances are such that the Defendant should, in all fairness, be required to pay for the services provided by ABAFL to the Members.

98. Due to Defendant's failure to pay the usual and customary rates for these medical services, Defendant has been unjustly enriched, and Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary rates for the medical services provided or, in the alternative, what is determined to be the usual and customary rates for the medical services provided, together with prejudgment interest and its reasonable attorney fees pursuant to §§ 627.428 and 627.6131(7), Florida Statutes.

**WHEREFORE**, Plaintiff demands judgment against Defendant Publix for the unpaid balance of its full billed charges, as same are within the usual and customary rates, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary rates for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest pursuant to Florida Statute §

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 20 of 21

627.6131(7), reasonable attorney's fees and costs pursuant to Florida Statutes § 627.428, and such other relief as the Court deems just and proper.

**COUNT IV**
**PROMISSORY ESTOPPEL**

99. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1-66 as is fully set forth herein.

100. At all times relevant, the services provided by ABAFL were performed pursuant to pre-authorizations received from Publix, by and through BCBSFL and/or BCBSSC.

101. These authorizations constitute unambiguous definite and substantial written promises to Plaintiff that it would be paid for the services it rendered upon the Members.

102. Publix was in a position to fully perform, fulfill, and carry out the terms and conditions of these promises it made to Plaintiff, and it was foreseeable that these promises would induce ABAFL to provide services in reasonable reliance upon them.

103. Accordingly, Plaintiff, in reliance upon the promises made by Defendant was in fact induced to provide medical services and had a reasonable expectation to be properly reimbursed pursuant to the subject authorizations.

104. Injustice can be avoided only by enforcement of the promises made by the Defendant.

105. Due to Defendant's failure to pay the usual and customary rates for these medical services, Plaintiff has suffered damages in the amount of the unpaid balance for its billed charges which are within the usual and customary rates for the medical services provided or, in the alternative, what is determined to be the usual and customary rates for the medical services provided, together with prejudgment interest and its reasonable attorney fees pursuant to §§ 627.428 and 627.6131(7), Florida Statutes.

Unique Code : CAA-FAA-BCABB-JBBFIAGF-BCIJHCI-D Page 21 of 21

**WHEREFORE**, Plaintiff demands judgment against Defendant Publix for the unpaid balance of its full billed charges, as same are within the usual and customary rates, or in the alternative, if Plaintiff's billed charges are determined to be in excess of the usual and customary rates for the community or geographic area, Plaintiff demands judgment for the unpaid usual and customary rates for the community or geographic area for its emergency and nonemergency charges for the medical services rendered, together with pre-judgment interest pursuant to Florida Statute § 627.6131(7), reasonable attorney's fees and costs pursuant to Florida Statutes § 627.428, and such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable as a matter of right to a jury.

Dated this 25th day of August 2025.

Respectfully submitted,

ICBD HOLDINGS, LLC
110 E Broward Blvd, Suite 2400
Fort Lauderdale, FL 33301
Telephone: (561) 323-6579
Facsimile: (954) 640-4406
E-Mail: kjohnson@icbdholdings.com
slinder@icbdholdings.com

By: /s/ *Kristy Johnson*
Kristy M. Johnson
Florida Bar No. 144282
Sean B. Linder
Florida Bar No. 1002351
*Attorneys for Plaintiff*

# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

---

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 9/23/2025 10:24:13 AM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JBGAIFDG-BCIJHCJ-G |
| **Case Docket:** | 9/18/2025 - Motion for Extension of Time - 3 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A202509231022118C9B |

---

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.

Filing # 231857753 E-Filed 09/18/2025 02:08:02 PM

Unique Code : CAA-FAA-BCABB-JBGAIFDG-BCIJHCJ-G Page 1 of 3

IN THE CIRCUIT COURT FOR THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ABA CARES OF FLORIDA, LLC,
d/b/a ABA CENTERS OF FLORIDA,
a Florida corporation, (o/b/o Jane and
John Doe Members #1-10)

Case No. CACE 25-013001

Plaintiff,

v.

PUBLIX SUPERMARKETS, INC.,
a Florida corporation.

Defendant.
_______________________________/

**UNOPPOSED MOTION FOR EXTENSION OF TIME FOR DEFENDANT PUBLIX SUPERMARKETS, INC. TO RESPOND TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 1.090(b)(1) of the Florida Rules of Civil Procedure, Defendant Publix Supermarkets, Inc. ("Defendant") respectfully moves the Court for a 14-day extension of time to respond to Plaintiff's Complaint. Plaintiff does not oppose the requested extension of time. In support of its Motion, Defendant states as follows:

1. Plaintiff served Defendant with Summons and the Complaint on August 29, 2025, and Plaintiffs subsequently filed a proof of service showing service as of that date.

2. Pursuant to Florida Rule of Civil Procedure 1.140(a)(1) and Florida Rule of Judicial Administration 2.514(a)(1)(A) and (C), the deadline for Defendant to respond to the Complaint is currently on or before September 22, 2025.

3. Defendant respectfully requests a 14-day extension of the deadline to respond to the Complaint through and including October 6, 2025.



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 09/18/2025 02:08:01 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY

Digitally signed by Brenda D Forman
Date: 2025.09.23 10:24:15 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JBGAIFDG-BCIJHCJ-G Page 2 of 3

4. The extension is necessary so that Defendant and its counsel have sufficient opportunity to properly review, investigate, and analyze the allegations and legal claims of Plaintiff before responding to the Complaint. This is Defendant's first request for an extension of time. The requested extension is not sought for purposes of delay and will not result in prejudice to the Court or to Plaintiff.

5. Based on the foregoing, Defendant has good cause for seeking an extension and makes this request in good faith.

6. Counsel for Defendant has conferred with counsel for Plaintiff, and Plaintiff does not oppose the 14-day extension of the deadline to respond to the Complaint.

WHEREFORE, Defendant respectfully requests that the Court grant it an extension of time, through and including October 6, 2025, to respond to the Complaint.

**CERTIFICATE OF CONFERRAL**

I certify that prior to filing this motion, on September 16, 2025, Anne Marie Estevez, counsel for Defendant, discussed the relief requested in this Motion with Patrick Montoya, counsel for Plaintiff, and Plaintiff does not oppose the 14-day extension of the deadline to respond to the Complaint.

Unique Code : CAA-FAA-BCABB-JBGAIFDG-BCIJHCJ-G Page 3 of 3

Dated: September 18, 2025

Respectfully submitted,

*s/ Clay M. Carlton*

Anne Marie Estevez
Florida Bar No. 991694
aestevez@morganlewis.com
Clay M. Carlton Florida Bar No. 85767
clay.carlton@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131
Telephone: 305.415.3000
Facsimile: 305.415.3001

*Counsel for Defendant Publix Supermarkets, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 18, 2025, a true and correct copy of the foregoing was filed using the Florida Courts E-Portal, which will serve a copy by email pursuant to Fla. R. Jud. Admin. 2.516 to counsel of record on the service list below.

*s/ Clay M. Carlton*
Clay M. Carlton

**SERVICE LIST**

Kristy M. Johnson
Sean B. Linder
ICBD HOLDINGS, LLC
110 E Broward Blvd, Suite 2400
Fort Lauderdale, FL 33301
Telephone: (561) 323-6579
Facsimile: (954) 640-4406
E-Mail: kjohnson@icbdholdings.com
slinder@icbdholdings.com
jfenelon@icbdholdings.com

*Counsel for Plaintiff*

# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

---

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 9/23/2025 10:24:20 AM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JBGEBCGH-BCIJHDB-I |
| **Case Docket:** | 9/19/2025 - Agreed Order - 1 Page |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A202509231022118C9B |

---

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.

Unique Code : CAA-FAA-BCABB-JBGEBCGH-BCIJHDB-I Page 1 of 1

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. **CACE25013001** DIVISION: **04** JUDGE: **Haury, William W, Jr. (04)**

**ABA Cares of Florida LLC**

Plaintiff(s) / Petitioner(s)

v.

**Publix Supermarkets Inc**

Defendant(s) / Respondent(s)

______________________________/

**AGREED ORDER ON DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

THIS MATTER is before the Court upon Defendant's *Unopposed* Motion for Extension of Time to Respond to Plaintiff's Complaint ("Motion"). Upon due consideration, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's motion is GRANTED.
2. Defendant shall have until October 6, 2025 to file their Answer to the Complaint.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 19th day of September, 2025.

CACE25013001 09-19-2025 3:28 PM
Hon. William Haury Jr
**CIRCUIT COURT JUDGE**
Electronically Signed by William Haury Jr

**Copies Furnished To:**
Clay M. Carlton , E-mail : clay.carlton@morganlewis.com
Clay M. Carlton , E-mail : paola.becerra@morganlewis.com
Kristy M. Johnson , E-mail : kjohnson@icbdholdings.com
Sean B. Linder , E-mail : slinder@icbdholdings.com
Sean B. Linder , E-mail : jfenelon@icbdholdings.com
Sean B. Linder , E-mail : slinderlaw@gmail.com





I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY

Digitally signed by Brenda D Forman
Date: 2025.09.23 10:24:22 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 9/23/2025 10:24:17 AM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JBGBEFAF-BCIJHDA-J |
| **Case Docket:** | 9/19/2025 - Order Setting Case Management Conference - 2 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A202509231022118C9B |

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.

Filing # 231919980 E-Filed 09/19/2025 10:26:35 AM

Unique Code : CAA-FAA-BCABB-JBGBEFAF-BCIJHDA-J Page 1 of 2

THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

**ABA Cares of Florida LLC**
Plaintiff,
v.

CASE NO.: **CACE25013001**
JUDGE: **Haury, William W, Jr. (04)**
DIVISION: **04**

**Publix Supermarkets Inc**
Defendants,
_________________________/

**ORDER SETTING CASE MANAGEMENT CONFERENCE TO SET TRIAL DATE**

THIS MATTER is before the Court sua sponte. A review of the docket in the above-referenced case reveals no calendar call or trial date is currently set.

Therefore, pursuant to Rules 1.200(a)(2) and 1.440 of the Florida Rules of Civil Procedure, the Court hereby sets the above-referenced case for a case management conference for purpose of setting the case for calendar call and trial. If prior to the case management conference date the parties set the matter for calendar call and trial, the Court will cancel the case management conference.

Accordingly, after due consideration, it is

**ORDERED and ADJUDGED** that the above-referenced case is hereby set for a case management conference for **12-03-2025 9:15 AM** in courtroom **16165 or https://17thflcourts.zoom.us/j/726619094** .

**DONE and ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on **09-19-2025** .

**CACE25013001 09-19-2025 10:26 AM**

_________________________
CIRCUIT COURT JUDGE

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 09/19/2025 10:26:34 AM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY

Digitally signed by Brenda D Forman
Date: 2025.09.23 10:24:18 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Copies Furnished:
**Clay M. Carlton, Email : clay.carlton@morganlewis.com**
**Clay M. Carlton, Email : paola.becerra@morganlewis.com**
**Kristy M. Johnson, Email : kjohnson@icbdholdings.com**
**Sean B. Linder, Email : slinder@icbdholdings.com**
**Sean B. Linder, Email : jfenelon@icbdholdings.com**
**Sean B. Linder, Email : slinderlaw@gmail.com**

Unique Code : CAA-FAA-BCABB-JBGBEFAF-BCIJHDA-J Page 2 of 2