**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:0:25-CV-61906-AHS

ABA CARES OF FLORIDA, LLC, D/B/A ABA CENTERS OF FLORIDA (O/B/O JANE AND JOHN DOE MEMBERS #1-10),

Plaintiff,

vs.

PUBLIX SUPERMARKETS, INC.,

Defendant.

**PLAINTIFF'S MOTION TO REMAND**

Pursuant to 28 U.S.C § 1447, Plaintiff ABA Cares of Florida, LLC d/b/a ABA Centers of Florida ("ABA Centers" or "Plaintiff") respectfully moves to remand this action to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

**INTRODUCTION**

This is a straightforward collection action asserting state law claims for quantum meruit and breach of contract implied in law. Defendant Publix Super Markets, Inc. ("Publix" or "Defendant") removed this case on the ground that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Publix removed this case on the ground that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

Publix's removal fails because it cannot satisfy the two-part test set forth in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), which requires that: (1) Plaintiff could have brought its claims under ERISA; and (2) no independent legal duty supports Plaintiff's claims.

Publix satisfies neither requirement. Plaintiff's Amended Complaint [ECF 7] makes clear that the dispute turns solely on the *rate* of payment for services already authorized, covered, and partially paid, not the right to payment under any ERISA plan. This critical distinction removes the case from ERISA's reach and fits it squarely within the scope of Florida law. Because Publix has not established federal-question jurisdiction by a preponderance of the evidence, and because the claims rest on independent legal duties arising from implied contract and equitable principles, this matter must be remanded to state court.

Since the filing of this action, Publix filed a separate, ten separate count lawsuit in the Middle District of Florida, with three claims under which it claims provides the court with federal question jurisdiction – a federal Racketeer Influenced and Corrupt Organizations ("RICO") claim, a conspiracy to violate RICO claim, and a claim under ERISA. (ECF 1-1, Civil Cover Sheet, Section VI. Related/Re-Filed Cases). This case was transferred to this Court on October 22, 2025. For the reasons detailed in the Motion to Dismiss, those claims fail and therefore no federal court has jurisdiction over the case. *A true and correct copy of the Motion to Dismiss is attached hereto as Exhibit A.* Thus, this action is in a unique procedural posture for this Court to address.

## <u>BACKGROUND</u>

This case arises from valuable, medically necessary services that ABA Centers provided to children diagnosed with autism spectrum disorder ("ASD") - services that Publix authorized,

recognized as covered, and partially reimbursed under its employee health benefit plan. (ECF 7,[1] Am. Compl. ¶¶ 5, 25-31, 55-61, 66, 70).

Publix removed this case from the Circuit Court of the Seventeenth Judicial Circuit in Broward County, based on the initial state-court complaint. In its Notice of Removal, Publix asserted that the original pleading presented a federal question under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Notice of Removal, ECF 1 at ¶¶ 3-6). Following removal, Plaintiff filed an Amended Complaint in this Court pursuant to Federal Rule of Civil Procedure 15(a). The Amended Complaint is now the operative pleading and supersedes all prior complaints. Jurisdiction must therefore be assessed based on the Amended Complaint. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the suit dissolves.").

ABA Centers is an out-of-network provider that rendered these services with Publix's prior authorization. (Am. Compl. ¶¶ 25-31, 55-61). Publix does not dispute that it authorized these services or that they were covered. Instead, Publix now seeks to pay only a fraction of the value of the services provided and seeks to avoid its liability by claiming that ERISA preempts the dispute.[2] That position mischaracterizes the nature of the case. Because coverage and eligibility are *undisputed*, the *only* remaining issue is <u>how much</u> Publix must pay, *not* whether Publix must pay. This "rate of payment" dispute arises entirely under Florida common law and involves no

---

[1] Hereinafter "Am. Compl."

[2] Defendant moved to dismiss the Amended Complaint, claiming defensive preemption as well. [ECF 16, Motion to Dismiss at 9].

interpretation of an ERISA plan. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350 (11th Cir. 2009).

The Amended Complaint clarifies the factual and legal bases for relief and asserts only state-law causes of action under Florida common law and statutory provisions. It does not include any federal claims or raise any issue that would invoke federal-question jurisdiction. The Amended Complaint brings two causes of action: (1) unjust enrichment; and (2) promissory estoppel. (Am. Compl. ¶¶ 67-85). Both counts seek recovery for services that Publix authorized and partially compensated but failed to pay in full. (*Id.*, ¶¶ 69-72, 83-85). No federal claim is alleged, and no issue is raised that would invoke federal-question jurisdiction.

Publix itself has historically acknowledged the value of these services (*id.* ¶ 28), reimbursing ABA Centers and other providers at approximately sixty percent of full billed charges for identical ABA therapy services, before unilaterally reducing payments, (*id.* ¶¶ 25-27, 28). Publix further represents that it utilizes Blue Cross and Blue Shield of South Carolina to administer and process claims under its employee health plan. (*Id.* ¶¶ 25-27).

Because the Amended Complaint governs the jurisdictional inquiry, and because it pleads only state-law causes of action that turn solely on the *rate* of payment, federal-question jurisdiction is absent. Moreover, the Amended Complaint identifies independent legal duties under Florida law, including sections 627.6686 and 627.6131, Florida Statutes, that require payment for authorized services, regardless of any ERISA plan. (*Id.* ¶ 7). These independent statutory duties further foreclose complete preemption and confirm that this dispute belongs in state court.

Finally, the Amended Complaint further reveals the true nature of the case. ABA's filing of this case in Broward state court hastened Publix into filing a retaliatory lawsuit in the Middle District of Florida the very next day; a lawsuit that should have been pled as a counterclaim in this

case. The lawsuit involves substantially the same factual issues and most of the same parties. In a classic example of forum shopping, Publix chose to file in the Middle District of Florida instead of in the Southern District or in Broward state court, where this action was properly brought. Perhaps realizing this forum shopping would be rejected by the court, Publix ultimately conceded - in response to ABA's Motion to Transfer Court, or, in the alternative, to Dismiss.[3] *A true and correct copy of Publix's Response is attached hereto as Exhibit A.* On October 22, 2025, the Middle District of Florida court transferred the case to the Southern District of Florida.

In particular, the operative pleading in this case-the Amended Complaint- makes explicit that the dispute concerns the rate of payment, not the right to payment. Specifically, paragraphs 70-76 (footnotes omitted) allege that the services at issue were already authorized, deemed covered, and partially paid, and that the only controversy is Publix's underpayment for those covered, medically necessary services:

> 70. Plaintiff's claims concern only the ***rate*** of payment, rather than ***right*** of payment claims. To wit, the services were already authorized, deemed covered, and partially paid. There is no reason to review any plan benefit documentation to adjudicate this matter. This case is simply a collection action for Defendant's underpayment of the authorized, covered, and medically necessary services Plaintiff provided.

---

[3] In the Amended Complaint filed in the Middle District, Publix alleges ten separate claims, three of which it claims confer federal-question jurisdiction –(i) a federal Racketeer Influenced and Corrupt Organizations ("RICO") claim, (ii) a conspiracy to violate RICO claim, and (iii) a claim purportedly arising under ERISA. However, as set forth in detail in the Motion to Dismiss, each of these purported federal causes of action is legally deficient and fails to state a claim upon which relief can be granted. Moreover, all of the claims in the Middle District action—federal or otherwise—arise from the same nucleus of operative facts as this case, namely Publix's refusal to pay ABA Centers the full amount due for authorized ABA therapy services. As such, any claim Publix wished to assert based on those same facts should have been brought as a compulsory counterclaim in this action. Accordingly, because the alleged federal claims are procedurally barred and cannot survive dismissal, they do not provide a valid basis for the exercise of federal jurisdiction. *A true and correct copy of the Motion to Dismiss is attached hereto as Exhibit A.*

> 71. The fact that this is a rate of payment claim is belied by Defendant's retaliatory lawsuit filed in the Middle District of Florida, *Publix Super Markets, Inc. and Publix Super Markets Inc. Group Health Benefit Plan v. ABA Cares of Florida LLC, d/b/a ABA Centers of Florida and ABA Centers of Georgia LLC,* case no. 8:25-cv-02283 KKM-AEP ("Publix Federal Case").
>
> 72. The Publix Federal Case was filed on August 26, 2025. It was *sua sponte* dismissed as an "impermissible shotgun pleading" two days later. [D.E. 7].
>
> 73. The Publix Federal Case was amended on September 11, 2025.
>
> 74. While Plaintiff vehemently denies Defendant's allegations in the Publix Federal Case, it is replete with allegations that the dispute between the parties is one over amounts and not plan terms.
>
> 75. For example, ABA Center is accused of "excessive" billing, "inflated" billing, and "false" submissions. Accordingly, even relying on Publix's allegations, this is really a dispute about money, or the rate, and not the right to payment.
>
> 76. Publix's Federal Case also repeatedly pleads what also takes this case out of the ambit of ERISA, Defendant makes it very clear that they have already paid Plaintiff for the same services, and in fact alleges it overpaid Plaintiff. Once again, this is a case about rate and not right of payment.

Accordingly, it is abundantly clear from Publix's own actions and pleadings that the dispute between the parties concerns the rate of payment, not the right of payment. Because this controversy involved no interpretation of ERISA plan terms and arises solely under Florida law, it must be remanded to state court.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a case is removed from state court, the removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence and must show that the removal is proper. *See Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1242 (11th

Cir. 2001); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994); *Hialeah Anesthesia Specialists, LLC. v. Coventry Health Care of Fla., Inc.*, 258 F. Supp. 3d 1323, 1327 (S.D. Fla. 2017). When evaluating "whether the particular factual circumstances of a case give rise to removal jurisdiction, [courts] strictly construe[] the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal citation and quotation marks omitted); *see also Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). In determining jurisdiction, courts evaluate the most recent pleading rather than any superseded filing. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says.").

To determine whether a claim arises under federal law, courts generally "examine the 'well pleaded' allegations of the complaint and ignore potential defenses. . . ." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003); *see also Ervast v. Flexible Prods. Co.,* 346 F.3d 1007, 1012 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis even though a possible defense might involve a federal question."). This rule applies even though a defendant's affirmative defenses may assert a federal question, and resolution of the case may turn on a federal question. *Id.*

A narrow exception to this rule is complete preemption, which exists when an area of law is so "comprehensively occupie[d]" by Congress that state law claims are considered converted into federal claims and removable based on federal question jurisdiction. *Metro. Life Ins. Co v. Taylor*, 481 U.S. 58, 63-64 (1987). ERISA's civil enforcement provision is an example of this

exception. *Davila*, 542 U.S. at 207-08 (2004). Thus, "if an individual brings suit complaining of a denial of coverage for medical care . . . [based on] the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated," any state claim will be completely preempted. *Id*. at 210.

ERISA may preempt state law in one of two ways. First, defensive or conflict preemption applies broadly anytime a claim "relates to" an ERISA plan. This form of preemption does not have jurisdictional implications; it merely serves as an affirmative defense that can be raised in state courts. *See In re Managed Care,* 298 F. Supp. 2d 1259, 1288 (S.D. Fla. 2003) (citing *Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207, 1211 (11th Cir. 1999)). "Conflict preemption, also known as defensive preemption, is a substantive defense to preempted state law claims." *Conn. State Dental Assoc.*, 591 F.3d at 1344 (citing *Jones v. LMR Int'l. Inc.*, 457 F.3d 1174, 1179 (11th Cir. 2006)). "Because conflict preemption is merely a defense, it is not a basis for removal." *Conn. State Dental Assoc.*, 591 at 1344; *see also Ervast*, 346 F.3d at 1012 n.6 (stating that "defensive preemption . . . provides only an affirmative defense to state law claims and is not a basis for removal"). Accordingly, issues of conflict preemption alone do not support federal jurisdiction. *See Kemp v. IBM*, 109 F.3d 708, 714 (11th Cir. 1997) ("Without any basis for federal jurisdiction over a case, a federal court cannot decide a preemption defense. Any defensive preemption arguments [defendant] seeks to raise will have to be decided, if at all, in state court."). Moreover, merely because a claim "relates to" an ERISA plan does not itself warrant removal. *See Advance Diabetes Treatment Ctrs. of Fla., LLC v. Blue Cross & Blue Shield of Fla.*, No. 06-22036-CIV, 2010 WL 11591055, at *3 (S.D. Fla. May 18, 2010).

Second, complete preemption, which is jurisdictional and applies only when the two-part *Davila* test is met. The test requires defendant to establish two things, (1) the plaintiff could have

brought its claim under ERISA § 502(a); and (2) there is no other legal duty that supports the plaintiff's claim separate from ERISA. *Conn. State Dental Assoc.*, 591 F.3d 1337 at 1345 (*citing Davila*, 542 U.S. at 210). The first prong is satisfied if (a) the plaintiff's claim falls within the scope of ERISA; and (b) the plaintiff has standing to sue under ERISA. *Id*. at 1350. The second prong is met when the claim(s) is predicated on a legal duty that is independent of ERISA. *Id*. at 1353.

To determine if a claim falls under ERISA, the Eleventh Circuit uses the 'rate of payment' and 'right of payment' distinction. *Id*. at 1350; *see also Hialeah Anesthesia Specialists, LLC.* 258 F. Supp. 3d at 1330; *Recovery Vill. At Umatilla, LLC v. United Behavioral Health, Inc.*, No. 15–62374, ECF No. 37 (S.D. Fla. Sept. 12, 2016); *Orthopaedic Care Specialist, P.L. v. Cigna Health & Life Ins.*, No. 20-82142, 2021 WL 389130, at *2 (S.D. Fla. Jan. 15, 2021) ("'[C]laims involving only underpayment are not preempted', while 'claims that were partially denied because coverage was not afforded for all the submitted procedures may be preempted[]' [and] 'rate of payment' analysis is applicable to both in-network and out-of-network providers.'"); *Emergency Servs. of Zephyrhills v. Coventry Health Care of Fla., Inc*., 281 F. Supp. 3d 1339, 1345 (S.D. Fla. April 5, 2017) ("The distinction between rate of payment and right to payment, therefore, is whether the claims are payable at all.").

Under Eleventh Circuit precedent, disputes over a patient's right to payment, meaning whether services are covered at all, may be preempted. By contrast, disputes over the rate of payment, meaning whether services that have already been authorized and covered, do not arise under ERISA and therefore are not completely preempted. *Conn. State Dental*, 591 F.3d at 1350; *Emergency Servs. of Zephyrhills*, 281 F. Supp. 3d at 1345. ERISA's civil enforcement provision exists to ensure uniform interpretation of plan terms and not to regulate the valuation of services

that a plan has already acknowledged as covered. When, as here, the parties dispute only the *amount* to be paid for authorized and covered services, resolution requires no interpretation of plan language and arises solely under state law.

Further, under ERISA § 502(a), only two categories of individuals may sue for benefits under an ERISA-governed plan: beneficiaries and participants. *See* 29 U.S.C. § 1132(a)(1)(B); *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1294 (11th Cir. 2004). Healthcare providers are generally not "participants" or "beneficiaries" under ERISA and thus lack standing to sue under § 502(a). *Id.* (*citing Hobbs*, 276 F.3d at 1241). A healthcare provider can obtain derivative standing only if it has accepted a valid assignment from a plan beneficiary or participant of a right to payment for medical benefits. *Id.*; *Cagle v. Bruner*, 112 F.3d 1510, 1512-16 (11th Cir. 1997). To support complete preemption based on derivative standing, the removing defendant has the burden of producing facts supporting the existence of a valid assignment by a preponderance of the evidence. *Hobbs*, 276 F.3d at 1242.

## **ARGUMENT**

The Court should remand this action for three reasons. First, Plaintiff's claims do not fall within the scope of ERISA § 502(a)(1)(B) because Plaintiff does not challenge the "right to payment" under any plan; it challenges only the rate of payment for services that were already authorized, covered, and partially paid. (Am. Compl. ¶¶ 25-31, 55-61, 66, 70). Second, Publix has not demonstrated that ABA Centers has standing to bring an ERISA claim, as required under the first prong of *Davila*. Third, even if Publix could satisfy the first *Davila* requirement, Plaintiff's well-pled Amended Complaint rests on independent legal duties under Florida law, statutory and common law, not any alleged violation of an ERISA plan.

Because none of Plaintiff's claims could have been brought under ERISA and each arises from independent legal obligations recognized under Florida law, this Court lacks federal-question jurisdiction. The case must therefore be remanded to state court.

**I. *Davila*, prong 1, step 1: Because the services provided by ABA Centers were authorized, covered, and partially paid, the claims do not fall within ERISA § 502(a)(1)(B).**

"The first question posed by *Davila* in assessing complete preemption is whether '[a plaintiff], at some point in time, could have brought [its] claim under ERISA § 502(a)(1)(B)." *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Davila*, 542 U.S. at 210). That question can be answered "yes" only if (1) the plaintiff's claim falls within the scope of ERISA § 502(a); and (2) the plaintiff has standing to sue under ERISA. *Conn. State Dental*, 591 F.3d at 1350.

This case fails the first *Davila* requirement because it does not implicate any right to payment under an ERISA plan. The Amended Complaint alleges, and Publix does not dispute, that the ABA therapy services provided by ABA Centers were covered and reimbursable. Publix authorized the services in advance, deemed them covered under its plan, and then issued partial payments. (Am. Compl. ¶¶25-31, 55-61, 66, 70). Those undisputed facts eliminate any need for plan interpretation. The only dispute concerns the amount Publix must pay ABA Centers for services it already approved.

Under binding Eleventh Circuit precedent, a claim limited to the amount owed for authorized and covered services is a rate-of-payment dispute, not a right-of-payment dispute. *Conn. State Dental*, 591 F.3d at 1350. Because ERISA § 502(a)(1)(B) applies only in right-of payment disputes where the plaintiff seeks benefits based on a denial of coverage or eligibility, that is, whether payment is owed at all, claims that concern only the rate of payment fall outside

ERISA's civil-enforcement scheme and cannot support federal jurisdiction. *See Emergency Servs. of Zephyrhills*, 281 F. Supp. 3d at 1345 (explaining that the distinction turns on whether the claims are payable at all).

The record confirms this is a rate-of-payment dispute. (Am. Compl. ¶¶ 69-72, 83-85).Publix, through its claims administrator, Blue Cross and Blue Shield of South Carolina, has repeatedly authorized the ABA therapy provided by ABA Centers, recognized it as a covered benefit, and issued partial reimbursements consistent with its prior payment practices. (Am. Compl. ¶¶ 25-31, 55-61, 66, 70). There is no dispute over plan terms for the Court to resolve nor is there a need for the Court to interpret the plan. The parties disagree only about how much Publix must pay, which is governed by Florida common-law principles of quantum meruit and implied contract, not by ERISA. Accordingly, the first prong of the *Davila* test is not satisfied.

### II. ***Davila*, prong 1, step 2:** Publix has failed to establish that ABA Centers has standing to bring an ERISA claim.

For the second step under *Davila*'s first prong, Publix must show that "the plaintiff has standing to sue under ERISA." *Conn. State Dental*, 591 F.3d at 1350. ERISA confers standing only on "participants" and "beneficiaries." 29 U.S.C. §1132(a)(1)(B); *Physicians Multispecialty*, 371 F.3d at 1294. Healthcare providers like ABA Centers are neither participants nor beneficiaries and thus lack statutory standing unless they proceed as valid assignees of a participant's benefits. *Cagle*, 112 F.3d at 1512-1516; *Borrero*, 610 F.3d at 1302.

Publix, as the removing party, bears the burden to establish federal jurisdiction by a preponderance of the evidence, which includes proving any purported assignments that would confer derivative standing. *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1242 (11th Cir. 2001). Publix's Notice of Removal does not attach any patient-signed written assignments, nor does it otherwise establish that ABA Centers received valid assignments from any plan

participants. *See* [ECF No. 1]. That omission is dispositive. *Id.* ("As the party seeking removal, [the defendant] ha[s] the burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence[4] . . . . Without proof of an assignment, the derivative standing doctrine does not apply.") (internal citations omitted).

Even where plan language permits assignments, removing defendants must still prove that the conditions for a valid assignment were actually met. *Id.* Publix has not carried that burden. It identifies no patient executed document transferring all enforceable rights to ABA Centers, no plan consent where required, and no compliance with any planned prerequisites that might condition or limit assignment. Payment directed to a provider, standing alone, does not establish a transfer of the participant's ERISA enforcement rights. *Physicians Multispecialty*, 371 F.3d at 1294.

Florida law further underscores the lack of ERISA standing. Florida's HMO and PPO/EPO Act prohibits Plaintiff from billing patients for portions of claims that are the responsibility of the insurer. *See* § 641.3154(1), Fla. Stat.; § 627.64194(3), Fla. Stat. Here, Publix failed to prove that ABA Centers has derivative standing under ERISA because Publix cannot show that the patients are liable for payments to ABA Centers, which could serve as the basis of an ERISA lawsuit that the patient could pursue or assign to ABA Centers. In fact, Plaintiff is not attempting to "stand in the shoes" of any members, but even if it did, there would be no ERISA claim that the member can make, because the member will never be charged an amount for the services at issue, other than applicable co-pay or deductible, due to Florida's ban on balance billing. So, "Plaintiffs' ability

[4] As a Plaintiff is the master of its Complaint, so too the Defendant is the master of their Notice of Removal and have the burden of proof under *Davila*. The Defendant has not provided in its Notice of Removal any explanation of benefits, assignment documentation, nor plan language which they claim is an ERISA plan. Thus, Defendant cannot carry their burden of proof.

to 'stand in the shoes' of plan members is of no moment." *See Emergency Services of Zephyrhills*, 281 F. Supp. 3d at 1346; *see also Rocky Mountain Holdings, LLC. v. Blue Cross and Blue Shield of Fla. Inc.*, No. 6:08-CV-686-Orl-19, 2008 WL 3833236, at *4 (M.D. Fla. August 13, 2008) ("[E]ven if this evidence is sufficient to prove an assignment of benefits, such an assignment would be insufficient to make Plaintiff a 'beneficiary' in this case . . . . [T]hey are not attempting to stand in the shoes of the patients, and their claims are unrelated to the rights of the patients.").

Because Publix has not shown that ABA Centers is a participant, a beneficiary, or a valid assignee with enforceable ERISA rights, ERISA standing is lacking. *See Hialeah Anesthesia Specialists, LLC*, 258 F. Supp. at 1330 n.2 (explaining that although plans can be consulted in litigation, such need for consultation does not require a claim be preempted by ERISA); *see also McCulloch Orthopaedic Surgical Servs., PLLC. v. Aetna Inc.*, 857 F.3d 141, 151 (2d Cir. 2017) ("mere reference" to an ERISA plan does not preempt the case under ERISA). For this independent reason as well, the first prong of *Davila* is not satisfied, and complete preemption is unavailable.

## III. ***Davila*, prong 2:** Even if the Court finds that the first prong of *Davila* is met, ABA Centers' Amended Complaint asserts independent legal duties that are implicated by Defendant's actions, and it pleads only state-law claims, not any federal claim.

Prong two fails because Florida law independently obligates Publix to pay for authorized ABA services provided by ABA Centers and to process and pay claims promptly, and Plaintiff pursues only those state-law remedies.

The second prong of the *Davila* test is met only when "no other legal duty supports the plaintiff's claims." *Conn. State Dental Ass'n*, 591 F.3d at 1345. Stated differently, if a plaintiff proceeds on an independent cause of action that is separate from ERISA, then there is no complete preemption under ERISA. *See generally id*. at 1345 and 1353. Thus, even if Publix could establish valid assignments for an ERISA cause of action, complete preemption still fails where the

operative pleading asserts independent state-law duties and does not seek ERISA benefits. *Emergency Services of Zephyrhills*, 281 F. Supp. 3d at 1349 ("In this vein, other courts have found overlapping duties arising from contracts or statutes and ERISA plans, and still upheld the independence of the non-ERISA plan duty."); *see also Sheridan Healthcorp., Inc. v. Neighborhood Health P'ship, Inc.*, 459 F. Supp. 2d 1269, 1274 (S.D. Fla. 2006); *C.N. Guerriere, M.D., P.A. v. Aetna Health, Inc.,* No. 8:07-cv-1444-T-23MAP, 2007 WL 3340596, at *2 (M.D. Fla. Nov. 8, 2007) (finding assignment of benefits was irrelevant to plaintiff's section 641.513(5) claim because "plaintiff does not rely on the assignment and does not need to . . . to prosecute his state law claim." (alteration added; footnote call number omitted)); *Med. & Chirurgical Facility of the State of Md. v. Aetna U.S. Healthcare, Inc.*, 221 F. Supp. 2d 618, 619-20 (D. Md. 2002) ("Courts have, with near unanimity, found that independent state law claims of third party healthcare providers are not preempted by ERISA."); *Merkle v. Aetna Health Inc.*, No. 04-61713-CIV, 2005 WL 6151455, at *6 (S.D. Fla. Apr. 27, 2005) (where rights flow from free-standing state law, ERISA does not preempt the case).

Also, Plaintiff is the master of its complaint. *See Sheridan Healthcorp.*, 459 F. Supp. 2d at 1274 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 395 (1987) ("[a]s masters of the complaint" plaintiffs may choose to not include references to certain rights to avoid complete preemption). Even when state-law causes of action are nearly identical to the ERISA causes of action, Plaintiff determines the legal framework. *Emergency Services of Zephyrhills*, 281 F. Supp. 3d at 1349 ("[W]hile Defendant's duties to Plaintiffs under both the Plan and Florida law are nearly identical, Plaintiffs are free to raise only their state law claims if they wish."); *see also Rocky Mountain Holdings*, 2008 WL 3833236, at *4 n.7 ("Plaintiffs may plead their claims in a way that

purposefully avoids federal jurisdiction. . . ."). Simply stated, Plaintiff, not Defendant, is the "master of the complaint." *Id*.

Here, the Amended Complaint alleges two Florida common-law claims, unjust enrichment and promissory estoppel.[5] Both seek the reasonable value of services Publix authorized, partially paid, but underpaid. (Am. Compl. at ¶¶ 67-85). It also pleads requirements under Florida Statutes, including section 627.6686 which acknowledges and requires coverage of Autism Spectrum Disorder services, and section 627.6131, which requires prompt payment for medical services. (Am. Compl. ¶ 7).

Florida law imposes two independent duties particularly relevant here. Section 627.6686, Florida Statutes, requires every large-group health plan issued or renewed in Florida to provide coverage for behavioral health treatment, including ABA, for children diagnosed with ASD. The statute mandates such coverage regardless of the type of plan and reflects a substantive legal obligation imposed by state law, not by an ERISA plan. § 627.6686(3), Fla. Stat.

Separately, section 627.6131, Florida Statutes, establishes Florida's "prompt-pay" requirements. It obligates insurers and plan administrators, like Publix, to process and pay properly submitted claims within specified time frames and to pay interest if payments are delayed. § 627.6131, Fla. Stat. These statutes govern the timing and sufficiency of payment once a claim is authorized, creating a procedural duty that exists independently of any ERISA benefit determination.

Together, these statutes confirm that Publix's obligation to pay for authorized ABA therapy and to do so promptly arise directly from Florida's regulatory framework. Enforcement of those

---

[5] The Promissory Estoppel count contains a typo in the Amended Complaint, is misnumbered, and should be Count II.

duties requires no interpretation of plan language and falls squarely within the state's traditional authority over insurance and healthcare reimbursement. *See Emergency Servs. of Zephyrhills*, 281 F. Supp. 3d at 1348 (holding that Florida statutory payment duties are independent of ERISA).

These statutory duties owed by Publix to ABA Centers arise independently of any ERISA plan and require no plan interpretation. *See Anesthesia Critical Care Specialists of Palm Beach, P.A. v. Aetna Health, Inc.*, No. 10-80058-CIV, 2010 WL 11596863 (S.D. Fla. July 14, 2010); *see also Found. Health v. Westside EKG Assocs.*, 944 So. 2d 188 (Fla. 2006) (where the Florida Supreme Court held that a healthcare provider may bring a claim to enforce the provisions of Florida Statutes chapter 641); *Boca Raton Cmty. Hosp., Inc. v. Great-West Healthcare of Fla.*, No. 06-cv-80750-DTKH, 2008 WL 728538, at *7 (S.D. Fla. Mar. 17, 2008) ("[T]he court rejects the defendant's ERISA preemption argument and shall allow the plaintiff's state common law and statutory claims [including a claim under Fla. Stat. § 641.3155] to stand . . . ."); *Comprehensive Pathology Associates, P.A. v. Health Options, Inc.*, 05-cv-22265-DLG, 2006 WL 8432721 (S.D. Fla. Jan. 17, 2006) (order granting motion to remand after concluding that a healthcare provider's third-party beneficiary claim under section 641.3155, Florida Statutes, was not completely preempted).

No claim in the Amended Complaint requires interpretation of an ERISA plan. Each turns on Florida's common law and statutes, which impose duties on Publix to pay for authorized care and to process and pay claims promptly. *See Emergency Services of Zephyrhills*, 281 F. Supp. 3d at 1348 ("The Florida statutes confer a private right of action exclusively on out-of-network emergency medical providers."); *see also Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1196 (Fla. 4th DCA 2006) ("Section 641.513(5) is aimed at protecting non-participating providers who

must provide emergency medical services to HMO subscribers, ensuring they are compensated fairly.").

Publix does not dispute that the services provided by ABA Centers to its members were authorized and covered; it has already paid a portion of ABA Centers' fees. Its refusal to pay the full amount is not a denial of benefits but a disagreement over the amount of compensation Plaintiff is entitled to receive for the services it provided. This is a rate-of-payment dispute governed entirely by Florida law. *Conn. State Dental Ass'n*, 591 F.3d at 1350.

Lastly, even if assignments existed, ABA Centers pleads direct causes of action that are not predicated on any assignment of benefits, and any such assignment would not convert ABA Centers' state-law claims into a derivative ERISA claim. *See Emergency Care Servs. of Pennsylvania, P.C. v. UnitedHealthcare Group, Inc.*, 515 F. Supp 3d 298, 310 (E.D. Penn. 2021) ("[R]egardless of whether there is one valid assignment at issue or more, plaintiff[s] explicitly plead[ ] 'direct claims and causes of action that are not predicated on an assignment of benefits from the patient,' and 'the mere existence of an assignment does not convert [plaintiffs'] state law claim for breach of contract into a [derivative] claim to recover benefits under the terms of an ERISA plan.") (internal citations omitted). The relevant violations here are Publix's failure to fully pay for benefits under state law, not ERISA. *See, e.g.*, *Advance Diabetes Treatment Ctrs. of Fla,, LLC v. Blue Cross and Blue Shield of Florida*, No. 06-22036-CIV, 2010 WL 11591055, at *4 (S.D. Fla. May 18, 2010); *Westside EKG & Assocs. v. Found. Health*, 932 So. 2d 214 (Fla. 2005). As the Eleventh Circuit observed, "State courts, not federal courts, should be the final arbiters of state law." *Bagget v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997).

Because the Amended Complaint rests entirely on Florida Statutes and common law that impose independent legal duties, Davila's second prong is not met, and the Court lacks subject matter jurisdiction.

**CONCLUSION**

Publix has not carried its burden to establish federal jurisdiction. The Amended Complaint alleges only state-law claims from Florida's independent legislative duties to pay for authorized services. The claims involve no interpretation of ERISA plans, and the operative Amended Complaint eliminates any potential federal question.

Publix failed to establish by a preponderance of the evidence that ABA Centers could have brought its claims under ERISA, has standing to bring a claim under ERISA, and has no legal duty independent from ERISA. Absent such proof, ABA Centers' claims are not completely preempted, no federal jurisdiction exists, and this case should be remanded. Additionally, Plaintiff requests that the Court order Publix to pay their "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

**CERTIFICATE OF CONFERRAL**

Undersigned conferred via email and phone with opposing counsel on October 22, 2025 in a good faith effort to resolve the issues made in this motion but has been unable to reach an agreement.

Dated: October 23, 2025

Respectfully submitted,

ABA CARES OF FLORIDA, LLC,
d/b/a ABA CENTERS OF FLORIDA
110 E Broward Blvd, Suite 2400
Fort Lauderdale, FL 33301
Telephone: (561) 323-6579
Facsimile: (954) 640-4406
E-Mail: kjohnson@icbdholdings.com

slinder@icbdholdings.com

By: /s/ *Kristy Johnson*
Kristy M. Johnson
Florida Bar No. 144282
Sean B. Linder
Florida Bar No. 1002351
*Attorneys for Plaintiff*

BRYSON HARRIS SUCIU & DeMAY, PLLC
201 Sevilla Avenue, Suite 200
Miami, Florida 33134
Telephone: (786)206-8306
Facsimile: (786)206-6110
E-Mail: pmontoya@brysonpllc.com
mkamberger@brysonpllc.com

By: /s/ *Patrick S. Montoya*
Patrick S. Montoya
Florida Bar No. 524441
Markus M. Kamberger
Florida Bar No. 111566
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court. I also certify that the foregoing document is being served this 23rd day of October, 2025, on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **/s/ Patrick S. Montoya**
Patrick S. Montoya