**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 0:25-CV-61906-AHS

ABA CARES OF FLORIDA, LLC, D/B/A ABA CENTERS OF FLORIDA (O/B/O JANE AND JOHN DOE MEMBERS #1-10),

Plaintiff,

vs.

PUBLIX SUPERMARKETS, INC.,

Defendant.

**PLAINTIFF ABA CARES OF FLORIDA'S REPLY TO PUBLIX'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL EARLY MEDIATION (ECF NO. 31)**

On April 2, 2026, Publix Responded to ABA Cares of Florida's ("ABA Centers") Motion to Compel Early Mediation, ABA Centers now files its Reply and states the following:

The parties agree that this issue of mediation is purely within the Court's discretion. *See* Publix's Response at 1. Beyond that, the battlefield of this case is pretty well-defined, and neither party is likely to capitulate to each other's facts and legal theories before this Court. Plaintiff wants to be clear: the treatment provided by Plaintiff to autistic children is based upon well-established, evidence-based practices, and Plaintiff will defend it to the fullest extent of the law. It is intensive treatment, it is expensive and insurance companies do not want to pay for it. Plaintiff understands the "Delay, Deny, Defend" strategy employed in the insurance industry to avoid paying for insurance claims.[1] For example, if the case is remanded, ABA Centers does not expect Publix to

1 Delay, Deny Defend, Jay M. Feinman (2010); https: //en.wikipedia.org/wiki/Delay, Deny, Defend.

suddenly agree to immediately reimburse ABA Centers for the services at issue in this case.[2] In other words, regardless of how the Court rules preliminarily, neither party is likely to agree with the other on the core issues in the case. If this were the expectation, mediation would rarely be necessary.

To the contrary, mediation is an effective tool to bring parties together, guided by an objective mediator, to find common ground. Publix does not deny that the parties previously engaged in settlement discussions, as set forth in ABA Centers' Motion. Publix is required to provide medically necessary ABA therapy for its minor insureds but abruptly stopped paying ABA Centers around October, 2024. ABA Centers is interested in continuing essential care for Publix's minor insureds without interruption. Plaintiff understands that Publix's non-payment strategy would have forced most providers to discontinue care. What makes this case unique and ripe for urgent resolution is the ongoing patient care dynamic, with autistic children and their families stuck in the middle.

In summary, while the parties are at odds, they should have common goals in sustaining continuum of health care for the minor insureds. Under the circumstances, giving the parties an opportunity to attempt to resolve their business disputes for the benefit of autistic children warrants early mediation.[3]

[2] To be clear, any newspaper articles that Publix references about fraud in ABA therapy do not name Plaintiff.

[3] Plaintiff is willing to count any mediation ordered by the Court as the required mediation pursuant to S.D. Fla. LR 16.2(d)(1). Should the parties' impasse, then the parties are always able to negotiate a settlement outside of mandatory mediation. Even if the Court remands this case back to the State Court, ABA Centers' stipulates this mediation would be valid for the State Court proceedings. Moreover, whether it be in State Court or District Court, mediation is required, regardless of which Court has jurisdiction.

Dated: April 8, 2026

Respectfully submitted,

ABA CARES OF FLORIDA, LLC,
d/b/a ABA CENTERS OF FLORIDA
110 E Broward Blvd, Suite 2400
Fort Lauderdale, FL 33301
Telephone: (561) 323-6579
Facsimile: (954) 640-4406
E-Mail: kjohnson@icbdholdings.com
slinder@icbdholdings.com

By: /s/ *Kristy Johnson*
Kristy M. Johnson
Florida Bar No. 144282
Sean B. Linder
Florida Bar No. 1002351
*Attorneys for Plaintiff*

BRYSON HARRIS SUCIU & DeMAY, PLLC
201 Sevilla Avenue, Suite 200
Miami, Florida 33134
Telephone: (786)206-8306
Facsimile: (786)206-6110
E-Mail: pmontoya@brysonpllc.com
mkamberger@brysonpllc.com

By: /s/ *Patrick S. Montoya*
Patrick S. Montoya
Florida Bar No. 524441
Markus M. Kamberger
Florida Bar No. 111566
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court. I also certify that the foregoing document is being served this 8th day of April, 2026, on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **/s/ Patrick S. Montoya**
Patrick S. Montoya